# In the Matter of the Estate of IRMA F. LOEB, Deceased.

### Surrogate's Court, New York County, May 23, 1935.

*Lachman & Goldsmith* [*Henry Hofheimer* of counsel], for the respondent Robert M. Loeb.

*E. Walter Beebe,* for the executors.

*Alexander, Cone & Sonheim* [*Herbert A. Cone* of counsel], for Robert H. Loeb, Jr., legatee.

*Samuel Sobel,* special guardian for Anita Loeb Sobel.

FOLEY, S. This is an application for a construction of the will of the testatrix. (1) The primary question presented is whether under the provisions of a separation agreement entered into between the testatrix and her husband, the latter released and relinquished all his rights against the estate of the testatrix and specifically the legacy and benefits as life tenant of a trust of one-third of the residuary estate created for him by her will.

The testatrix executed her will on January 22, 1933. On March 24, 1933, she entered into the separation agreement with her husband, which provided in the seventeenth paragraph as follows: " The husband and wife agree that each shall have the right to dispose of his or her property by Last Will and Testament or otherwise, and that he or she will not claim any interest in the other party's property, except as provided in this agreement, and each agrees that he will permit the Will of the other to be probated and permit administration upon his or her estate without any claim of the other party to any right of administration, excepting that the wife may claim such property or sums of money or benefits as the husband may voluntarily make for her in his Last Will and Testament."

Thereafter, on May 17, 1933, the testatrix obtained a divorce from her husband. The decree of divorce ratified the terms of the separation agreement. The will, which was never altered by the testatrix during her lifetime, makes the following provisions for her husband: " I give to my Trustees hereinafter named one third of my residuary Estate, in trust to collect same and to pay $2500.00 thereof to my husband Robert H. Loeb and to invest the remainder thereof & pay the net income to him for life. After his death to pay the principal in equal shares to my children Anita & Robert H. Loeb, Jr. and their issue *per stirpes* and if either die before my husband to pay his or her share to the other child."

I hold that the separation agreement and the decree of divorce, which ratified it, constituted a complete release of all the husband's rights under the will of the testatrix. The agreement is clear and specific. By its terms the husband is barred from making any claim whatsoever to any property left by her. (*Matter of*

*Cook*, 244 N. Y. 63; *Titus* v. *Bassi*, 182 App. Div. 387; *Matter of Gilmour*, 146 Misc. 113.) Only to the wife is there given the right to claim " such property or sums of money or benefits as the husband may *voluntarily* make for her in his Last Will and Testament." (Italics mine.)

(2) The second question to be determined is the effect upon the remainder of the extinguishment by the separation agreement of the benefits under the trust for the husband of testatrix. By the terms of the will the remainder is to take effect upon the death of the husband, the life tenant. It is limited to the children of the testatrix, Anita and Robert H. Loeb, Jr., and their issue *per stirpes*. The remainder is plainly contingent. The words " and their issue *per stirpes* " and particularly the words " *per stirpes* " clearly contemplate the substitution of issue for children in the event the latter should predecease the date fixed in the will for the termination of the trust. The contingent nature of the gift is further emphasized by the provision " if either die before my husband to pay his or her share to the other child." Until the date of the death of the life tenant, it cannot be ascertained whether Anita or Robert H. Loeb, Jr., or their issue, if they have any, will be entitled to take the remainder. Survivorship at the date of the husband's death is a condition precedent to the vesting of the gift in the remaindermen. Nor can the remainder be accelerated where the distributees are contingent. (*Matter of Silsby*, 229 N. Y. 396; *Brinckerhoff* v. *Seabury*, 137 App. Div. 916.) Because of such contingency, therefore, the trust must be set up during the life of the husband as the measuring life and the income in the meantime paid to the children of the testatrix, Anita and Robert H. Loeb, Jr., as the presumptive owners of the next eventual estate. Only in this manner may the interests of the contingent remaindermen, and particularly the issue of the children of the testatrix, if there be any, be protected and their rights remain unprejudiced. The sum of $2,500, however, directed by the will to be paid to the husband outright, passed, by reason of his exclusion from participation in the estate, to the children of the testatrix, as intestate property.

(3) I hold that the testatrix intended to include all household furniture, furnishings, pictures and works of art left by her within the corpus of the trust for the children and within the phrase " all personal effects of all kinds." There may be substituted, however, in lieu of such articles and paid into the trust by the children, their cash value, if the parties can agree upon such value.

Submit decree on notice construing the will accordingly.