In the Matter of the Construction of the Will of Louis Shack, Deceased.

Surrogate's Court, Kings County, March 31, 1955, on reargument, June 7, 1955.

*Alfred S. Pellard,* executor in person.

*Samuel Panzer* for Ruth Chasen, respondent.

Moss, S. The executor seeks a determination as to the effect had upon testator's will by a separation and property settlement agreement executed between testator and his then wife, Ruth Shack, the respondent herein.

Testator and respondent were married in Brooklyn, New York, on August 8, 1934. In 1945 testator executed his will in this State wherein by paragraph " II " thereof he made the minimal provision, under section 18 of the Decedent Estate Law, for his wife in trust for life with remainder over to others. On March 5, 1952, testator and his wife, respondent, entered into a separation and property settlement agreement in the State of California. By said agreement among other things the parties mutually " waived any and all right to the estate of the other " and further released and waived " all right to inherit under any will of the other ".

Thereafter on April 9, 1952, an interlocutory judgment of divorce was rendered in favor of respondent Ruth Shack and against testator Louis Shack, which judgment of divorce became final on or about April 28, 1953. The aforesaid property settlement agreement was approved by the court and incorporated in the judgment of divorce. After the decree of divorce was entered the respondent remarried and her present name is Ruth Chasen. The testator returned to the State of New York and became a resident of this State where he died on June 2, 1954.

There is no question raised with respect to the facts or as to the validity of the property settlement agreement. The agreement recites valuable consideration and division of property between the parties. The agreement is wholly inconsistent with the terms and nature of the bequest made for respondent under paragraph " II " of testator's will. The subsequent divorce obtained by respondent and her remarriage leave no doubt that she intended to terminate all her marital rights and relations with testator.

Respondent contends that the property settlement agreement must be construed according to the laws of California and that under the laws of that State it did not effect a revocation of the bequests contained in the testator's will for her benefit. The court has examined the authorities relied upon by respondent (*Matter of Crane,* 6 Cal. 2d 218; *Bennett* v. *Forrest,* 24 Cal. 2d 485; *Estate of Hadsell,* 120 Cal. App. 2d 270) and finds that the facts in each of said cases are materially different. The parties there were domiciled in California, had been reconciled and had not been divorced.

The estate herein consists of personalty; therefore, the law of testator's domicile at time of his death governs (*Matter of Patterson,* 64 Cal. App. 643, writ dismissed 266 U. S. 594; *Chamberlain* v. *Chamberlain,* 43 N. Y. 424).

The court determines that by said property settlement testator and respondent mutually intended to waive and release each other and their respective estates from any claim or right to share in the other's estate under " any will of the other " and that respondent thereby intended to and did effectively waive and release " any and all right to the estate or any interest in the estate " of testator under his will or otherwise. (*Weinstein* v. *Moers,* 207 Cal. 534; *Thorp* v. *Randazzo,* 41 Cal. 2d 770; *Sullivan* v. *Union Oil Co. of Cal.,* 16 Cal. 2d 229); Decedent Estate Law, §§ 39, 40; *Matter of Loeb,* 155 Misc. 863; *Matter of Cook,* 244 N. Y. 63; *Matter of Gilmour,* 146 Misc. 113, 115; *Matter of Young* v. *Hicks,* 92 N. Y. 235; *Matter of Burridge,* 261 N. Y. 225, 228; *Titus* v. *Bassi,* 182 App. Div. 387, 395; *Matter of Wallace,* 184 Misc. 448, 451, affd. 258 App. Div. 1029; *Matter of Ga Nun,* 200 Misc. 789, 791).

Accordingly the respondent is barred from receiving any benefit under the will of testator or in his estate. The bequest has been effectively revoked and passes under the residuary clause of the will to be distributed in accordance therewith. Settle decree on notice.

(On reargument, June 7, 1955.)

Respondent moves to reargue orally the application heretofore made by petitioner for a decree determining that a bequest to respondent was revoked by deceased.

Respondent and decedent entered into a separation and property settlement agreement in the State of California whereby each waived " all right to inherit under any will of the other." Respondent contends that under the laws of that State the agreement did not affect respondent's right to inherit under decedent's will.

The agreement made between decedent and respondent is clear and specific and reveals the intention of the parties to " waive any and all right — to inherit under any will of the other." These plain words must be given their plain meaning. Furthermore when such words as " any and all " are viewed in the light of the surrounding circumstances, i.e., respondent's absolute divorce, her remarriage and the payment to her of valuable consideration consisting of a substantial amount of decedent's property, no room is left for any legal doubt.

Although decedent must have felt secure that respondent could not assert a claim under " any will," respondent now comes into court after decedent's lips are sealed and attempts to repudiate her covenants.

The construction of such a contract is for the court. A fundamental rule in the construction thereof is the ascertainment of intent of the parties. The purpose to be accomplished and the object to be advanced may be considered also (*Matter of Sterling*, 264 App. Div. 308, affd. 290 N. Y. 820; *Matter of Rivas*, 100 N. Y. S. 2d 357, 364; *Hartigan* v. *Casualty Co. of Amer.*, 227 N. Y. 175, 178; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310). It is not in every case that the law of the State in which the contract was made governs (*Wilson* v. *Lewiston Mills Co.*, 150 N. Y. 314), but rather reference must be had to the facts and surrounding circumstances. Place of contract and place of performance are to be taken into consideration. This is sometimes referred to as the " center of gravity " theory. Under that theory the law of the State which has the most significant contacts with the matter in dispute will be applied (*Rubin* v. *Irving Trust Co.*, 305 N. Y. 288, 305).

Here the most significant contacts with the matter in issue are in this State, including the marriage of decedent and respondent; the execution of decedent's will; his domicile at time of death and the location of decedent's property. The court holds that the law of this State is applicable.

Respondent's motion, insofar as it seeks permission for oral argument, is denied. On the merits the motion for reargument is granted. Upon such reargument the court adheres to its original decision. Settle decree on notice.