Samuel Faile, S.
In this executors’ accounting proceeding the court has been requested to construe paragraphs “ fourth ”, “EIGHTH”, “ THIRTEENTH ”, “ FOURTEENTH ”, “ FIFTEENTH ”, “SEVENTEENTH”, “NINETEENTH”, “ TWENTIETH ”, “TWENTY-FIRST ’’ and ‘‘ twenty-seventh ’’ of the will of testator and to fix the counsel fees of petitioners’ attorney.
The testator died on February 17,1952. His will executed on February 14, 1952, three days prior to his death, was admitted to probate by decree of this court dated April 1,1952. He was survived by a widow and two sons as his only distributees.
*836 Among the questions presented for determination is the effect of paragraph “ fourth ” of the will relating to the payment of estate taxes. A determination of this question involves a consideration also of the context of paragraphs “ eighth ” and “ thirteenth ” of the will containing provisions for trusts for testator’s wife and each of his two children. With respect to the provisions of paragraph “ thirteenth ”, petitioners request the court to determine the amounts of the trusts provided for in said paragraphs for each of the children.
Fourth : I direct that all estate transfer inheritance taxes, including interest and penalties imposed or assessed by the Federal or State Governments or any other duly constituted authority upon or with respect to property passing under this, my Will and Testament, and any property passing outside of my Will, which is required to be included in my taxable estate, be paid out of my testamentary residuary estate, and that no portion thereof shall be apportioned to or collected from any legatee, devisee or other recipient of property constituting part of my taxable estate. Without limiting the generality of the foregoing, it is my intention that the trust created for the benefit of my wife, Jennie Lieberman, and the trust created for the benefit of my two sons, Martin W. Lieberman and Jason H. Lieberman in this my Last Will and Testament, shall be exonerated from the payment of or contribute to any such tax or taxes.
Eighth: If my said wife, Jennie Lieberman, shall survive me, I give and bequeath to my trustees hereinafter named an amount equal to the difference between (a) one-half of the value of my adjusted gross estate; and (b) The value of all property passing to my said wife under any other article or articles of this my Last Will and Testament or otherwise and with respect to which a marital deduction is allowable to my estate under the provisions of the United States Internal Revenue Code, Section 812(e), my said trustee shall hold the same so bequeathed to them in trust nevertheless, to pay or apply for the use and benefit of my said wife, Jennie Lieberman, all the net income therefrom, payable to her in equal monthly installments or at more frequent intervals that may be necessary during her life or until she remarries, to the end that she shall receive an annual income of $20,000.
I direct my executors to make the first monthly payment thirty (30) days after the trust estate for the benefit of my said wife has been adjusted.
Upon the death of my said wife, any principal of this trust fund or undistributed income shall become a part of the two trust estates to be held, administered and distributed in all respects both as to income and principal as a part thereof for the use and benefit of my sons, Martin W. Lieberman and Jason H. Lieberman in equal shares.
Thirteenth: If, at the time of my death, my said wife, Jennie Lieberman, and my two sons, Martin W. Lieberman and Jason H. Lieberman are living, I give, devise and bequeath to my trustees hereinafter named, in trust nevertheless, the other one-half of my estate, to hold, invest and reinvest the same and to divide and set apart the remaining principal into two equal shares, one share for each child, to wit, Martin W. Lieberman, and the other equal share for my son, Jason H. Lieberman, and to hold any separate trusts, each such share so set apart for the benefit of my sons for whom the shares were set apart, and to apply for the use and benefit of such son so much of the net income not to *837 exceed nor to be less than the sum of $5,000 to each son in any one year, for his support, education, maintenance, medical care and welfare, and to accumulate the balance, if any, of such net income.
If the income paid to and received by either of my sons under this clause of my Last Will and Testament amounts to less than $5,000 in any fiscal year, computed from the date of my death, I direct and authorize my trustees to pay over to either of my sons out of the principal, if necessary, an amount equal to the difference between the income received by either of them and the sum of $5,000. Any payment so made shall be absolute and free from all trusts, and upon making such payments, my trustees shall be fully released and discharged from all further liability and accountability therefor.
The remainder of each trust is payable to each son in fixed percentages upon the attainment of prescribed ages by one of such sons. Paragraph “ fifth ” of the will contains provision for a specific devise of certain real property to the widow of testator, and a bequest to her of designated tangible personal property is contained in paragraph “ sixth Provision is made also for the payment to the widow of testator of $1,500 monthly until the trust for her “ is adjusted ” under paragraph “ fourth ”.
The petition alleges that the gross testamentary estate will approximate $467,724.30 and that nontestamentary benefits will approximate $180,910.84 or a total gross taxable estate of almost $650,000. Debts, claims and administration expenses will approximate $57,000, and reduce the testamentary estate to roughly $410,000 exclusive of estate taxes estimated at $103,000. The benefits conferred upon the widow and qualifying for the marital deduction under and independently of the will, the trust under paragraph “ eighth ” being excluded, are stated to total $127,079.36.
Although the initial provision of paragraph “ fourth ’’ contains a direction against any apportionment of estate taxes with respect to nontestamentary as well as testamentary benefits, the direction for. payment of estate taxes from the “ testamentary residuary estate ” of testator is followed by an expression of intention that the only provisions which might be regarded as a residuary clause, namely the trust for the testator’s widow or such trust and the trusts for the testator’s two sons, be exonerated from the payment of, or contribution to, any such taxes. Thus what would be regarded as the indicated source of payment of estate taxes by an earlier provision would appear to be in conflict with the later provision exonerating the trusts from the payment of taxes.
Paragraph “ eighth ” provides for a trust in an amount equal to the difference between one half of the value of the adjusted gross estate and all other benefits conferred upon the widow of *838 testator under, or independently, of the will and with respect to which a marital deduction is allowable. By paragraph “ thirteenth ” of the will the testator disposed of “ the other one-half of my estate ” directing that it be divided into two equal shares and held in separate trusts for each of his two sons. The question is presented as to whether ‘‘ the other one-half of my estate ” includes the entire balance of the testamentary estate of testator or shall consist of an amount equal only to the testamentary assets comprising the trust for the benefit of the widow of testator. As the will contains no other residuary clause, the effect of the directions relating to the payment of estate taxes necessarily involves a determination as to the intended source of payment of estate taxes and whether the provisions for such trusts were regarded by the testator as his ‘‘ testamentary residuary estate ’’.
The court determines that “ the other one-half of my estate ” was intended to include the entire balance of testamentary assets in excess of those required to satisfy the trust created for the benefit of testator’s widow and would represent an amount equal to one half of the adjusted gross estate. This is supported not only by the provisions of the will but by the canon of construction which prefers testacy to intestacy. Other provisions of the will also make it clear that the testator in providing for the trusts under paragraph “ eighth ” and “ thirteenth ” contemplated their measurement by a formula related to the taxable estate and not merely to his testamentary estate. The court further determines that by the so-called testamentary residuary estate testator referred to the balance of assets disposed of under paragraphs “ eighth ” and “ thirteenth ” of the will. If the trust for the widow is to be measured by a formula based upon the adjusted gross estate the trust provisions for the sons of the “ other one-half of my estate ” must be construed as referable to the taxable estate in the absence of some indication that the term ‘‘ my estate ’’ was to bear a different meaning. By the will the provision exonerating the trusts from the payment of taxes is expressly referable to both trusts, i.e. the trust for the benefit of his widow as well as the trusts for the benefit of his sons.
The provisions of paragraph “ fourth ” relating to the source of payment of estate taxes are in complete conflict. The direction that all estate taxes, including those upon nontestamentary benefits, be paid from the residuary estate of testator is followed by a direction that the trust for the benefit of testator’s widow and the trusts for the benefit of testator’s sons be exonerated from the payment of estate taxes. By *839 paragraph “ thirteenth ” of Ms will testator had provided for trusts for each of his two sons. By paragraph “ eighth (a) ” of the will testator made provision for a trust for his widow during her lifetime with provision for secondary trusts in favor of his sons upon her death. The express intention for exoneration from the payment of estate taxes would be meaningless if applied to the trusts under paragraph “ eighth (a) ” and paragraph “ thirteenth ” of the will. As there is no testamentary residuary estate other than contained in paragraphs “ eighth ” and “ thirteenth ” the effect of the express exoneration of both trusts from the payment of estate taxes excludes both trusts as a source of payment of estate taxes under an instrument which excluded all other estate assets as a source for the payment of estate taxes. At best therefore the provision relating to the payment of estate taxes is one of doubtful import. In the absence of a clear direction against apportionment the statutory apportionment directed by section 124 of the Decedent Estate Law must be followed. (Matter of Duryea, 277 N. Y. 310.)
Interrelated to these questions is the interpretation to be placed upon the phrase “ net estate ” not only because it is related to the amount of the trusts under paragraphs ‘‘ eighth ’’ and “ thirteenth ” but also by reason of the provisions for the payment of certain additional legacies if the net estate should equal or exceed $500,000, or shall equal or exceed $550,000, or shall equal or exceed $570,000.
By article ‘ ‘ ninth ’ ’ of the will the testator defined the meaning of the terms “ adjusted gross estate ”, “ marital deduction ” and the term “ net estate ”. The term “ net estate ” is defined as ‘ ‘ my adjusted estate after payment of all obligations ”. Adjusted gross estate is stated to relate to this phrase as defined by subdivision (e) of section 812 of the Internal Revenue Code with valuations as determined in the proceeding to fix the Federal estate tax. A reference to subdivision (e) of section 812 is also employed to define the marital deduction and is followed by an expression of intention to obtain the maximum marital deduction allowable under subdivision (e) of section 812 (Internal Revenue Code of 1954, U. S. Code, tit. 26, § 2056). The foregoing is followed by a direction that assets of the estate classified as deductible under said statutes and regulations be exhausted in satisfying the trust for the benefit of the widow before resort is had to nondeductible assets for such purpose.
The provision of the will defining the net estate as “ my adjusted estate after payment of all obligations ” is clearly *840 indicative of an intention to include nontestamentary assets as well as testamentary assets in computing the net estate. But for the inclusion of nontestamentary assets even the gross estate would not equal $500,000. Resort to other provisions of the will is helpful in ascertaining whether or not the direction for payment of “ all lawful obligations ”, in order to ascertain the net estate as defined by testator, requires that all estate taxes be deducted as well as debts of the decedent and other claims against the estate.
The expressly declared intention of testator to obtain the maximum marital deduction allowable ordinarily imports an intention that estate taxes shall not be deducted in the computation of the net estate. To the extent that a spouse does not receive at least one half of the taxable estate free of tax the estate would be burdened with a greater tax than would otherwise be imposed, and the estate would not obtain the maximum benefit of the marital deduction to the extent of such additional tax. (See Matter of Bayne, 102 N. Y. S. 2d 525.)
The conclusion that the ineffectual provisions of paragraph “ fourth ” of the will requires a statutory apportionment of estate taxes is entirely consistent with the concept of a net estate before deduction for estate taxes. Moreover, such a conclusion will also accomplish the expressed intention of obtaining “ the maximum marital deduction allowable to my estate ” to the extent of such benefits conferred as qualify for the marital deduction. Any apportionment of estate taxes is necessarily based upon a proration of taxable benefits conferred before deduction for estate taxes. (Matter of Goldsmith, 177 Misc. 298.)
Although the decedent defined his net estate as his ‘ ‘ adjusted estate ” after deducting all obligations there is no apparent intent that the term “ net estate ” was employed otherwise than in its ordinary sense. If resort is had to section 812 of the Internal Revenue Code, to ascertain the meaning of the phrase “ net estate ”, estate taxes would not be deductible in computing the net estate. The computation of estate taxes on the net estate necessarily excludes the concept of a residue after deduction for estate taxes. (Edwards v. Slocum, 287 F. 651, 653.) In Matter of Demmerle (130 Misc. 684) the term “ net estate ” in a will which provided for certain bequests in the event that the net estate exceeded certain sums was held to refer to the amount remaining for distribution after payment of debts, funeral and administration expenses. The term ‘‘ net estate ” as employed in the will is accordingly construed as *841 relating to the amount remaining for distribution before deduction for estate taxes.
In ascertaining the amount of the trust under paragraph “ eighth ”, testamentary and nontestamentary assets shall be included. The trust for the widow shall consist of such amount as in addition to other testamentary and all nontestamentary benefits conferred upon her and which shall qualify for the marital deduction shall equal one half of the adjusted gross estate. Nontestamentary benefits conferred upon her which do not qualify for the marital deduction shall not be credited on account of her share.
The balance of testamentary assets shall constitute the trusts for the sons of testator. Such amounts are given in addition to the respective nontestamentary benefits conferred upon them. The respective testamentary trusts for the sons will reflect any reduction incident to the failure of any nontestamentary benefits conferred upon the widow to qualify for the marital deduction. Estate taxes when fixed shall be apportioned pursuant to section 124 of the Decedent Estate Law upon a net estate before deduction for estate taxes.
By paragraph “ thirteenth ” of the will the testator directed the trustees to apply for the use and benefit of each son so much of the net income not exceeding $5,000 yearly as might be required for the support, education, maintenance, medical care and welfare of such son and directed the accumulation of any excess income. Provision was also made for an invasion of principal to the extent that the net income failed to equal $5,000 yearly. The provision for the accumulation of income is invalid to the extent that it may continue beyond the minority of either son and is accordingly payable after minority to each son as the person presumptively entitled to the next eventual estate. (Personal Property Law, § 16; St. John v. Andrews Inst., 191 N. Y. 254.)
Paragraph “ seventeenth ” of the will contains provision for the payment by the trustees of premiums on insurance policies issued on the lives of the respective sons of testator. Such paragraph contains no provision as to whether such premiums are to be paid from principal or income or are to be paid in addition to the amounts of $5,000 yearly payable under paragraph “ thirteenth ”.
The court determines that such insurance premiums are payable from principal only to the extent that income is not sufficient therefor and that such payments are to be made in addition to the payments of $5,000 yearly required to be made *842 under paragraph “ thirteenth ” of the will. The stated purposes of the payments from the trust under pargraph “ thirteenth ” of the will neither expressly nor by necessary implication include payments for premiums of insurance on the life of either son. The will is accordingly construed as requiring payments from each trust of the amounts respectively required to pay the insurance premiums on the life of each beneficiary.
The executors also seek to be reimbursed by the widow for her proportionate share of the 1952 Federal income taxes based on her earnings. Although the decedent died during February of 1952 a joint return was filed for that year reflecting income of $5,951.04 by the decedent and income of $19,722.09 by the widow. The widow paid only $833.03 of a joint income tax obligation of $7,538.72. The court determines that the widow of testator is liable for her prorata share of the tax upon which the estate is entitled to a credit in the amount of $5,458.21.
In view of the pending application for the fixation of counsel fees, pursuant to section 231-a of the Surrogate’s Court Act, the requested allowance for counsel fees is denied without prejudice to fixation in such proceeding.
Submit interim decree construing will in accordance herewith.