John D. Bennett, S.
The executor moves to dismiss this construction proceeding on the ground inter alia that the court lacks jurisdiction of the proceeding.
The executor argues that since there is no ambiguity in the will, the court cannot determine the question of the effect of a separation agreement upon certain provisions of the will in an independent construction proceeding, but must postpone such determination to a subsequent accounting proceeding and, in the interim, dismiss this proceeding.
Although it is generally true that where the will is clear and unambiguous, a construction of its provisions is unnecessary (3 Jessup-Redfield, Surrogates’ Law and Practice, § 1838), this is not a situation where the provisions of the will in and of themselves are requested to be interpreted by the court, but rather their force and effect in view of an instrument subsequently executed by the testator and his former wife, the petitioner, on March 24, 1958. That the Surrogates’ Courts in this Sítate have experienced no difficulty in assuming jurisdiction in like situations, is evident from a number of cases interpreting the effect of later instruments upon provisions in prior wills (Matter of Ga Nun, 200 Misc. 789, affd. 279 App. Div. 982; Matter of Shack, 207 Misc. 953; Matter of Loeb, 155 Misc. 863).
In Matter of Ga Nun (supra) the testator executed a will in. 1948. In 1949 the testator and his wife entered into a separation agreement, and on the same day the wife procured a divorce. Surrogate Fbankenthalbb held that by the separation agreement the wife intended to release every claim against her husband and his estate, and that the agreement was so inconsistent with the provisions in the will for her benefit as to operate as a revocation of such provisions. The vehicle in the Ga Nun case for the presentation of the question is stated to be: “ Proceeding for judicial construction of will ’ ’.
Both Matter of Shack (supra) and Matter of Loeb (supra) involve the effect of a separation agreement on provisions of a will whfch were otherwise clear and unambiguous, and in each case the question was presented in a construction proceeding. *478 The court consequently finds no objection to its jurisdiction in this proceeding on the ground that the provisions of- the will are clear and unambiguous on their face.
The executor further urges that the court, in its discretion, should not entertain this proceeding or the relief requested prior to the accounting proceeding merely to relieve the anxiety of the petitioner. Of course, if there is no real necessity for a construction proceeding, it will not be entertained. In Matter of Gooding (124 Misc. 400, 402) the court said:
“ Courts cannot proceed to adjudicate rights of parties under written instruments unless there is a real jurisdictional dispute about .the rights flowing from such instrument, of which the court has jurisdiction. This court cannot determine the rights of parties upon a state of facts which has not yet arisen, or upon a matter which is speculative, future, contingent or uncertain. * * *
‘ ‘ ‘ Courts of construction will not proceed to pass upon questions which are abstract or academic, or in anticipation of events or conditions which may never materialize.’ ”
Even the executor tacitly admits that eventually this question of the effect of the separation agreements provisions upon the will must be determined by his insistence that such determination be postponed to a later accounting proceeding. The question is neither academic nor one involving the happening of a contingency which may obviate the necessity of a future determination.
The court cannot see any justifiable reason for delaying a determination of this question beyond the confines of this proceeding. The petitioner is vitally interested in the resolution of this problem, and has demonstrated this concern by seeing fit to bring this proceeding. The fact that she may in addition be anxious to proceed at this time is understandable and is no condemnation of the merits of this proceeding or the fact that a true controversy is presented which may be determined pursuant to statute at this time (Surrogate’s Ct. Act, § 145).
Moreover there has been considerable litigation in this estate in which the petitioner in this proceeding has participated. A determination of her status at this time will furnish an answer to the question as to whether she is interested in this estate so as to be entitled to take part in any future or pending proceeding.
The motion is dismissed, and the executor is granted 20 days from the service upon him of an order to be signed hereon within which to file his answer.
Settle order on five days’ notice, with three additional days if served by mail.