Joseph A. Cox, S.
The petitioner in this probate proceeding married the testator in February, 1946. On August 21, 1950 the testator executed the will which is before the court for probate and under which he bequeathed general legacies to two nephews, bequeathed his residuary estate to the petitioner and nominated the petitioner as executrix. The will names the same nephews as alternate legatees of the residuary estate should the testator’s wife predecease him and should there be no issue of the testator’s marriage. There is no challenge to the validity of this will, its due execution by a competent testator free of restraint having been acknowledged, but issues have been raised as to the effectiveness of the residuary bequest to the petitioner, her right to claim such bequest and her right to letters testamentary.
The contentions that the petitioner is not entitled to any benefit under the will and that the petitioner should be denied letters testamentary are premised upon a separation agreement entered into between the testator and the petitioner in 1952 and a later divorce procured by the petitioner in Florida. The objectants are distributees of the testator who contend for an intestate distribution of the residuary estate and the nephews who would receive the residuary estate had the petitioner predeceased the testator. These objectants are united in opposing the petitioner’s position and it will become necessary to consider their respective claims to participation in the residuary estate only if the conclusion shall be reached that the petitioner is barred.
It is asserted that the petitioner by obtaining a divorce in Florida subjected herself to the law of that State, which provides that a divorce procured subsequent to the execution of a will nullifies any testamentary benefit to the surviving party to the divorce (Florida Statutes, § 732.261), but the court fails to find in such assertion any basis for application of Florida laAv to the operation of this will. The testator was not a domiciliary of Florida at the date of his will or at any time thereafter and none of his property was located in that State. For these reasons, the validity and effect of his Avill are governed by the law of New York where he resided (Decedent Estate Luav, § 47; Matter of Gifford, 279 N. Y. 470; Matter of Shack, 207 Misc. 953) and the effect of the divorce upon the will is to be determined by the law of this State (Ann. 9 A. L. R. 2d 1423). It has been held, as pointed out by the objectants, that Ncav York statutes (Decedent Estate Law, §§ 22-a, 23, 24) recognize not only a will executed by a nonresident in compliance with the law of his residence but also a revocation of a will by acts *760 done in conformity with the law of residence (Matter of Traversi, 189 Misc. 251), but this holding does not lead us to Florida simply because the testator’s wife obtained a divorce in that State while the testator was maintaining his residence in New York. It is obvious that Florida would not make a futile attempt to legislate respecting the testamentary disposition of a nonresident’s property located beyond its borders.
The objectants further contend that the separation agreement executed in 1952 had the effect of revoking the residuary provision of the testator’s will. Sections 39 and 40 of the Decedent Estate Law provide that the execution of a conveyance, deed, settlement or other act by a testator shall not be deemed a revocation of a devise or a bequest unless the intention to make a revocation is specifically declared or unless the provisions of the instrument by which such alteration is made are wholly inconsistent with the terms and nature of the previous devise or bequest. It cannot be contended successfully that any language of the separation agreement constitutes a specifically declared statement of revocation of the form required by section 39 of the Decedent Estate Law (Matter of Crounse, 168 Misc. 359, 361; Matter of Macomber, 274 App. Div. 724; Schoonmaker v. Grounse, 261 App. Div. 77; Thompson v. Thompson, 254 App. Div. 601; Matter of Torr, 17 Misc 2d 1063). Any contention that the separation agreement operated to revoke the will must be premised upon language in the agreement which, while not a declared revocation, is wholly inconsistent with the terms of the will (Decedent Estate Law, § 40). In this connection reliance can be had only upon the twelfth paragraph of the separation agreement which reads: “twelfth: The wife, by the execution of this Agreement, and on the faithful performance of the terms hereof by the husband, hereby releases any claim or demand with respect to her right to support and maintenance. Such Agreement, however, shall not be deemed a waiver of any and all rights of thirds or dower or any rights which she might have under the laws of succession against any portion of the husband’s estate or property in which she may have or may hereafter have an interest in the event of his death, unless the parties hereto shall be subsequently divorced.”
The quoted text is an affirmation of the wife’s intestate rights. At the date of the separation agreement the rights which the wife had with regard to her husband’s estate were the statutory rights provided her by sections 83 and 18 of the Decedent Estate Law and section 200 of the Surrogate’s Court Act. The words ‘ ‘ thirds ’ ’ and ‘ ‘ right of dower ’ ’ obviously *761 refer to intestacy (Gail v. Gail, 127 App. Div. 892; Matter of Ga Nun, 200 Misc. 789, affd. 279 App. Div. 982) and the word “ succession ” also has been restricted to the acquisition of intestate property (26A C. J. S., Descent & Distribution, p. 514). The agreement is a recognition of the fact that so long as the petitioner remained the decedent’s wife she had a claim to intestate property and a claim to share “ as in intestacy ” pursuant to section 18 of the Decedent Estate Law, but that a divorce could extinguish such rights. The insertion of this provision in the agreement did not alter the legal position of the wife at all but it is understandable that careful attorneys would want the agreement to contain an explicit expression of the status of each party and particularly the .fact that a waiver of status was not intended by inference or implication. The quoted text served the further purpose of emphasizing the fact that the separation agreement was limited to inter vivos claims of the parties.
The effect of a separation agreement upon a previously existing will has been considered in a number of decisions which do not agree as to ultimate result only because each ease was decided upon its own facts. In both Matter of Ga Nun {supra) and Matter of Shack (207 Misc, 953, supra) the testator provided a minimal testamentary benefit to his wife and the later separation agreement contained a provision by which the survivor relinquished any interest in the decedent’s estate. In those cases it was found, following Titus v. Bassi (182 App. Div. 387), that the terms of the separation agreement were wholly inconsistent with the earlier testamentary disposition. In other cases it was found that the agreement contemplated only a disposition of inter vivos property rights of the parties and was not wholly inconsistent with the prior will (Matter of Swords, 120 Misc. 427, affd. 208 App. Div. 852; Schoonmaker v. Crounse, supra; Matter of Sussdorff, 182 Misc. 69; Matter of Torr, supra). The case at bar falls within the latter group inasmuch as it cannot be said that the will provision is wholly inconsistent with the separation agreement and the court has no inclination to strain the language of the agreement in order to create an inconsistency. The facts of this case warrant the repetition of a statement of policy uttered by this court in Matter of Torr (supra, p. 1065) where it was said: “ a solemn testamentary instrument should not be rendered ineffectual upon conjecture as to the motivation of a testator who in his lifetime had ample opportunity to revoke or to amend the instrument bad he desired to do so
*762 Further argument is made that the words ‘ ‘ unless the parties hereto shall be subsequently divorced” constitute an express waiver by the petitioner of any testamentary benefit in the event she obtained a divorce. This argument has been met to a large extent by the foregoing analysis of the language and purpose of the agreement insofar as it refers to rights of intestate succession. It is plain that the words so relied upon constitute nothing more than an acknowledgement by the wife of the fact that her intestate rights, so carefully reserved to her as long as the marriage continued, would be lost by her procurement of a divorce. Here again the parties were not only recognizing the result which the law requires but were making it clear beyond doubt that the wife’s reservation of rights during the marriage could not be construed as extending the same rights beyond the termination of the marriage. Nothing in the words relied upon by the objectants or words in other parts of the separation agreement can be read as a waiver of testamentary benefits.
Because the residuary legacy is made to the testator’s ‘ ‘ wife ’ ’, the court is urged to construe this word as imposing a condition that the petitioner have the status of wife at the time of the testator’s death in order to be entitled to the bequest. This result is not attainable in the face of the many decisions holding that the use of such a descriptive word does not impose a condition upon the gift (Salvin v. Salvin, 165 App. Div. 362; Matter of Simpson, 155 Misc. 866; Matter of Sussdorff, 182 Misc. 69, supra; Matter of Tuck, 165 Misc. 346, affd. 256 App. Div. 971, affd. 281 N. Y. 697; Matter of Miller, 171 App. Div. 229, affd. 219 N.Y. 572).
There was conflicting testimony as to the friendliness of the relationship between the testator and his wife after the separation agreement and after the divorce but it is beyond dispute that the petitioner was employed from time to time by the testator in his business and, as late as September 4, 1956, the decedent certified a corporate resolution which designated the petitioner as a person authorized to sign the checks of his business bank account. It is significant that the decedent permitted his will to stand without change for nine years after its execution, seven years after the separation agreement and five years after the divorce. Although much evidence was introduced in an effort to show the testator to be a man of irregular habits, it does not appear from the evidence that he lacked competency or the ability to conduct his affairs. A most eloquent indication of his business sagacity is the size of *763 this estate which is the subject of the present controversy. The fact that the original will remained with the lawyer who drafted it is not unusual and is not a persuasive fact to excuse his failure to execute a later instrument.
The court finds that the residuary provision of the will was neither revoked nor rendered inoperative by any act of the testator or any act of the petitioner and that the petitioner is entitled to letters testamentary. The motion to strike from evidence the catalogues of the former sales of assets of the estate is granted. The evidence introduced for the purpose of showing the value of the inventory of the corporation at the time of the divorce and at the time of the testator’s death is stricken as irrelevant and immaterial. All other motions to strike testimony are denied.