John D. Bennett, S.
In this proceeding the petitioner requests a construction of paragraph Sixth of the will in which the testator made the following provisions for May Marlowe Hill, referred to by him as my ‘ ‘ former wife ”: “ sixth : I have heretofore entered into a separation agreement dated February 1, 1956 with my former wife, mat maelowe hill, in which I agreed to make provision in my Last Will and Testament whereby my said former wife shall be entitled to receive one-third (1/3) of my estate, defined to be my gross estate (not including life insurance proceeds payable to beneficiaries other than my estate) less the sum of all deductions allowed in computing Federal Estate Tax and the sum of all estate and inheritance taxes, state, Federal or foreign. It is my desire that the provisions of this my Last Will and Testament comply in all respects with my said agreement and to that end I give and bequeath unto my said former wife, mat maelowe hill, if she survives me, properties and assets in my estate not specifically bequeathed to others having a valuation at the time of my death equivalent to one-third (1/3) of my net estate as so defined, plus the sum of One Hundred ($100) Dollars.”
The pertinent provisions of the separation agreement are as follows: “ The Husband further agrees that he will make provision in his last will and testament whereby the Wife shall *140 be entitled to receive at least one-third of the Husband’s net estate, being his gross estate less deduction for funeral and administrative expenses, debts and other liabilities and all estate taxes whether State, Federal or foreign (including taxes payable by reason of any insurance policies), but not including bequests.”
It is apparent from a reading of the separation agreement and the will that there may be some differences between what the decedent promised to convey to May Marlowe Hill in the separation agreement, and the actual provisions made for her in the will. However, it is clear that the decedent did not intentionally breach the separation agreement for it was his expressed desire that the ‘ ‘ provisions of this my Last Will and Testament comply in all respects with my said agreement ”. Accordingly, if there be any difference between the provisions made in the separation agreement and the will, the separation agreement is held to be controlling (1 Page, Wills [Bowe-Parker rev.], § 10.20, p. 488).
The court does not agree that the phrase “ gross estate less deduction for funeral and administrative expenses, debts and other liabilities” is the same in effect as “my gross estate * * * less the sum of all deductions allowed in computing Federal Estate Tax ” since in the latter case additional deductions not contemplated by the separation agreement might reduce the share of May Marlowe Hill. However, the court agrees that the separation agreement did not contemplate including in the gross estate nontestamentary assets such as life insurance proceeds payable to beneficiaries other than the decedent’s estate and specifically excluded from the gross estate in the will.
The objection of the petitioner that the separation agreement cannot be incorporated by reference into the will, and that the will governs the disposition of the estate, overlooks the fact that in construction proceedings Surrogates’ Courts have from time to time been required to construe the effect of extraneous documents upon provisions made in a will (Matter of Lans, 29 Misc 2d 758, affd. 13 A D 2d 922; Matter of Ga Nun, 200 Misc. 789, affd. 279 App. Div. 982). Also the will expressly refers to the separation agreement and it is one of the facts that must be considered in construing the will.
The alleged surviving wife of the testator argues that in computing the one-third share to which May Marlowe Hill is entitled, there must be deducted from the gross estate the obligation the decedent undertook to his “ former wife ” under the separation agreement. Such an interpretation would neces *141 sarily result from a conclusion that the provisions of paragraph sixth are in satisfaction of a debt or obligation of the estate. The courts have varied in their approach to this problem. Where the question involved is whether the provisions for a former wife take preference over a right of election under section 18 of the Decedent Estate Law, the courts have held that the former wife under the separation agreement is not a creditor but a legatee of a special nature (Matter of Hoyt, 174 Misc. 512; Matter of Lewis, 4 Misc 2d 937). However, where the question has been whether taxes are apportionable under section 124 of the Decedent Estate Law against the provisions made in satisfaction of the separation agreement, the courts have held that provisions for the former wife are in satisfaction of a debt and that accordingly no taxes are apportionable against such provisions (Matter of Brokaw, 180 Misc. 490, aifd. 267 App. 811, affd. 293 N. Y. 555).
While neither situation is presently before the court, an interpretation which would result in May Marlowe Hill’s share being reduced by deducting therefrom provisions made for her under the will appears to be a strained and unnatural construction not at all contemplated by the terms of the separation agreement. Accordingly, the share of May Marlowe Hill is not to be in any way reduced by the provisions made for her under the will or separation agreement.
The petitioner and the alleged surviving wife of the decedent also take the position that the provisions made for May Marlowe Hill result in a general legacy of a fixed and definite dollar amount as distinguished from a fractional bequest. While there may be some language in paragraph sixth of the will which would tend to support this conclusion, since the court has held that the provisions of the separation agreement are controlling, there is no question that under such agreement the provisions intended for May Marlowe Hill are of a fractional interest in the net estate, which interest would include accretions and increments to such share.
While the parties have attempted to place in issue the question of who is the true surviving spouse of the decedent in connection with what marital deductions may be allowable to this estate, such issue and the tax consequence thereof are beyond the scope of this proceeding and no determination of such issue or issues will be made at the present time.