S. Samuel DiFalco, S.
This is a proceeding instituted by the executrix, the decedent’s widow, for construction of the will and determination of the following questions: (1) whether the status of Margaret Sumner Duncan, the decedent’s former wife from whom he had been divorced, is that of a creditor under the terms of an agreement of separation or that of a legatee under *138 the will; (2) whether amounts payable to Margaret Sumner Duncan, under either of these instruments are to be computed on values fixed as of the date of the testator’s death or as of the date of their payment; and, finally, (3) whether the executrix will be required to deduct debts, administration expenses and estate taxes in computing the value of the interest of the testator’s former wife in his estate (or her claim against it as the case may prove to be).
Under the terms of the separation agreement, later incorporated in a foreign decree of divorce, the decedent was required to pay specified monthly sums to Margaret Sumner Duncan until his death and to “ provide in his will that the wife shall receive one-half of the estate of which the husband shall be seized or entitled at the time of his death after the payment by the estate of all estate taxes and expenses of administration. Such bequest to the wife shall take precedence over any specific bequests or devises to others. Should the husband fail or neglect so to provide in his will, the wife shall have a lien for one-half of the husband’s estate as aforesaid.” In his will the testator undertook to discharge the obligation imposed by the agreement by providing that his former wife was to receive: “ one-half (%) of my net estate and for such purpose I declare that my net estate shall be calculated after the deduction of all funeral and administration expenses, inheritance, estate and other taxes, including any taxes on the proceeds of any life insurance payable to her if such life insurance proceeds be legally taxable as part of my estate.” This provision was followed by a bequest to his widow of all of the rest, residue and remainder of his estate.
It is the position of the former wife of the testator that the agreement conferred greater benefits upon her than the will provides and that as a consequence she can elect to rely upon her rights as a creditor of his estate. In fact, her status as a creditor is conceded by the widow and her right to assert her claim from that position is supported by the authorities (Matter of Bloomingdale, 278 N. Y. 435; Matter of Brokaw, 180 Misc. 490, affd. 267 App. Div. 811, affd. 293 N. Y. 555; Matter of Cordier, 1 Misc 2d 887). She is, accordingly, held to be a creditor of the estate.
In deciding whether the claim of the testator’s former wife is to be based upon values obtaining on the date of his death or those on the date of payment, there having been a substantial enhancement of the estate during the intervening period, it is in the agreement and not the will that the answer is to be found (Matter of Hill, 39 Misc 2d 138 and cases and authorities there cited). The obligation imposed by the agreement upon the *139 testator was to leave his former wife “ one-half of his estate of which the husband shall be seized or entitled to at the time of his death after the payment by the estate of all estate taxes and expenses of administration.” Whether this text as a definition of the dimensions of the obligation was intended by the parties to constitute a promise by Mr. Duncan to leave the objectant a fractional share, namely one half, of his estate, rather than a pecuniary legacy in a fixed dollar amount can only be determined with reference to the agreement in the context of the circumstances surrounding its execution. The present state of the authorities has left neither of the parties to the dispute at a loss for supposed guides to the meaning of the language employed in the agreement but almost without exception the cases which each side has cited treat of testamentary terminology and not contracts. As a consequence, of course, the authorities relied upon cannot constitute the source of much enlightenment in this situation for it is difficult to believe that a testator about to bestow the fruits of his bounty upon the chief objects of his affection would entertain notions at all like those running through the mind of a husband engaged in negotiating an agreement of separation with his estranged wife.
Viewed in this light it is plain to the court that the language employed in the agreement, concededly susceptible of a different interpretation in another context, was intended by the parties to establish the husband’s obligation in a fixed pecuniary amount rather than as a fractional share of his estate. In this way the wife would be insured as a creditor against the risk of any losses sustained by the estate during the course of its administration at the expense of a forfeiture of the chance to participate in any gains. It is so held; the claim will be allowed in the amount shown on the final accounting to represent the value of the estate on the date of death less administration expenses and estate taxes.
With respect to the third of the questions propounded in the petition the court holds that moneys expended for the payment of funeral expenses are not to be deducted from the value of the testator’s estate in fixing the amount of Mrs. Margaret Duncan’s claim. The deductions prescribed by the agreement were limited to those for estate taxes and the cost of administering the estate; funeral expenses, separate and apart from these other estate obligations, do not fall into either category (Surrogate’s Ct. Act, § 216; Matter of Di Prato, 15 Misc 2d 571). The debts of the testator, on the other hand, diminish his disposable estate by the amount required to discharge them and consequently must be considered in arriving at the meaning to be given to the *140 term “ one-half of the estate of which the husband shall be seized or entitled at the time of his death ’ ’ as that- term is employed in the agreement under consideration. It is so held, but it is, of course, to be understood that the obligation to the former wife is not to be included in the deduction for debts.
The question with respect to the deduction of estate taxes finds its answer, the court holds, in that provision of the agreement which fixes the value of the first wife’s claim in the amount which equals the difference between his gross estate and the total of his debts and estate taxes. This definition requires the deduction of all estate taxes as an element of the computation whatever their source or whatever be the nature of the property to which they are attributable, including in this category, of course, all nontestamentary items included in the taxable estate. It is obvious that payments made to the first Mrs. Duncan as a creditor of the estate, including the proceeds of the insurance policies of which she was named as the beneficiary in accordance with the provisions of the agreement, could not properly be regarded as an asset of the estate capable of generating a tax.