S. Samuel Di Falco, S.
In this proceeding to settle the executor’s account, to construe the decedent’s will and to fix attorneys’ and accountants’ fees the issues presented are disposed of as follows:
(1) The attempt by the testator to fix or limit the fee of the executor’s attorneys pursuant to an agreement entered into with a predeceased member of the firm of attorneys now representing the executor is not binding on the successor firm and is invalid. The limitation is expressly predicated upon the attorney’s survival of the testator, which he failed to do. The vastly changed circumstances and present size of the estate warrant the payment of the fee requested (Matter of Olney, 255 App. Div. 195; Matter of Caldwell, 188 N. Y. 115). In view of the limitation on commissions set forth in the will the payment of the fee requested for the accounting services is also allowed.
*185 (2) Under the terms of a separation entered into between the decedent and his former wife the decedent agreed to make a will containing a provision establishing a trust for his then wife “ the corpus of which was to be one-third of the Husband’s net estate A subsequent divorce decree obtained by the respondent former wife incorporated the terms of the separation agreement.
In compliance with the agreement the decedent executed the will now before the court in which he directed his executor to set aside a portion of his estate equal in value to one third of his net estate for the life use and benefit of his former wife. However, because of the testator’s definition of the words “net estate ” and his equation of that term with the “ adjusted gross estate ” as determined for tax purposes, the decedent’s present wife now contends that the value of the trust allowed as a debt for tax purposes is to be deducted from the trust to be established under the will pursuant to the terms of the separation agreement.
There is no merit to this contention. The value of the trust based upon the respondent former wife’s life expectancy and allowed as a deduction by the Internal Revenue Department for estate tax purposes is not a “just debt” of the estate (Matter of Duncan, 48 Misc 2d 136; Matter of Hill, 39 Misc 2d 138). Under the terms of the separation agreement the decedent was obligated to establish a trust of one third of his net estate. The net estate by normal definition is the decedent’s gross estate less debts, funeral and administration expenses or the amount available for distribution prior to the payment of estate taxes (Matter of Lieberman, 2 Misc 2d 833, 840; Matter of Demmerle, 130 Misc. 684).
In the case at bar although the value of the life estate was permitted as a deduction for tax purposes it is not a debt in the sense that it is an obligation requiring payment by the executor. The sum allowed as a deduction instead of reducing the sum available for distribution enhances the net estate after taxes by reducing the estate taxes.
The separation agreement created an enforceable obligation to make a definite and fixed testamentary provision for the benefit, of the former spouse (Matter of Hoyt, 174 Misc. 512; Matter of Tanenbaum, 258 App. Div. 285; Matter of Ullman, 56 Misc 2d 495). The subsequent ambiguous definition of “ net estate ” contained in the will was a unilateral statement which could not alter or diminish the testator’s obligation under the separation agreement.
*186 (3) There being no objection thereto the application for leave to abandon certain securities alleged to be worthless is granted.