OPINION OF THE COURT
John M. Keane, S.
The fragility of marriage in this last quarter of the 20th century is increasingly illustrated by the growing number of separation agreements which have become involved in the probate of wills of decedents. Such is the situation in this case, where the facts are not in dispute and have been stipulated by the parties.
After 17 years of marriage, George M. Fisher and Jean B. Fisher separated sometime during mid-1978. After the actual separation, counsel were consulted by both parties concerning a formal separation agreement and divorce.
On November 28, 1978 at a time when discussions were continuing concerning a formal separation agreement, decedent executed the instrument which became his last will and testament.
On February 5, 1979 a separation agreement was entered into between the two parties. The agreement was signed and acknowledged by each of the parties. The stipulation of facts relate that after the execution of the separa *564 tion agreement, papers were prepared looking to a divorce between the parties which would be submitted on default.
The present controversy arises because George M. Fisher died suddenly of a ruptured aneurysm on March 2, 1979. There were no children of the marriage. At the time of his death, since he was still married to Jean B. Fisher, she was his sole distributee.
The controversy arises between language contained in article third of the last will and testament admitted to probate and paragraph No. 8 of the separation agreement. Despite the court’s reluctance to extend any decision beyond reasonable limits, it becomes necessary for any understanding of the controversy to set forth the provisions verbatim.
Article third of the last will and testament reads as follows: “third: If I am married to jean b. fisher at the time of my death, I direct that such part of my estate as shall be equal to the amount, she would be entitled to receive under Article Five of the Estates, Powers and Trusts Law of the State of New York or such other law corresponding thereto as may be in effect at my death shall be set aside and out of such amount I bequeath to her the sum of Ten Thousand Dollars ($10,000.00) or the whole of such amount, whichever shall be less. If such sum shall be in excess of Ten Thousand Dollars ($10,000.00), I devise and bequeath the balance of such amount to the Trustee hereinafter named, to hold, administer invest and reinvest and to pay or apply for the benefit of my said wife at least annually the entire net income therefrom during her lifetime. It is my intention that my Trustee shall not have any power to invade or use the principal of this trust in any manner for the benefit of jean b. fisher and it is also my intention that no court shall order the payment of any sums to the said jean b. fisher from the principal of this trust as provided in Section 7-1.6 of the Estates, Powers and Trusts Law of the State of New York. Upon the death of my wife, the trust shall terminate and the balance of principal and accrued income then remaining shall be distributed in the same manner and to the same beneficiaries receiving the residue of my estate under Article fourth of this my Last Will and Testament.”
*565 Paragraph “8” of the separation agreement reads as follows: “8. Each of the parties hereto hereby forever waives, releases and relinquishes any right or claim of any kind, character or nature whatsoever which either may have in and to the estate, property, assets, or other effects of the other under any present or future law of any state or of the United States, and each of the parties hereto and hereby forever waives, releases, and relinquishes any right or claim which he or she now has or may have pursuant to the provisions of Section 5-1.1 of the Estates, Powers and Trusts Law of the State of New York, as said section now exists or may hereafter be amended, or pursuant to any present or future law of any state or of the United States to allow to take in contravention of the terms of any Last Will and Testament, including any Last Will and Testament now executed or which may be executed hereafter. Each of the parties hereto further hereby agrees to refrain from any action or proceeding which may tend to void or nullify to any extent or any particular, the terms of any such Last Will and Testament of the other.”
Immediately involved is the application of EPTL 3-4.3 which concerns the revocatory effect of a conveyance, settlement or other act affecting property previously disposed of by will. In seeking guidance concerning this section, a relatively recent case is Matter of Hollister (18 NY2d 281). In that case the terms of a subsequently executed separation agreement were successfully invoked to defeat a prior testamentary disposition.
It can be argued that reliance on Matter of Hollister (supra) is inappropriate since a divorce had occurred in that case while no divorce had occurred in the matter before the court.
Respondent Jean B. Fisher argues that no revocation has occurred in compliance with EPTL 3-4.1. Matter of Hollister (supra) addresses this very question and states that section 40 of the Decedent Estate Law (now EPTL 3-4.3) modifies the revocation provision of section 34 of the Decedent Estate Law (now EPTL 3-4.1).
Another earlier decision supporting the position that the disposition fails is Matter of Ga Nun (200 Misc 789, affd 279 App Div 982). The facts in this case parallel the facts *566 before the court except that a divorce was obtained on the day the separation agreement was signed. In other aspects, particularly with the minimum disposition to the wife and the brief period that passed between the signing of their separation agreement and decedent’s death, the facts are similar.
This court concurs that Matter of Ga Nun (supra) loses some of its persuasiveness because of that court’s reliance on the effect of the divorce. However, the language addressed to the inconsistency between the will and the separation agreement remains cogent.
A more recent decision is Matter of Reckseit (NYLJ, May 24, 1979, p 13, col 4). In that case, Surrogate Bennett found that the language of the separation agreement was wholly inconsistent with the previous testamentary disposition and found that such disposition was revoked.
In Matter of Reckseit (supra) no divorce had occurred. The will left the entire estate to testator’s wife or in the event of her prior death to their children. Surrogate Bennett discussed both Matter of Hollister (supra) and Matter of Coffed (46 NY2d 514) before concluding that the provisions of the separation agreement were inconsistent with the terms of the will. Nothing is said about any other provisions of the separation agreement.
The disposition made under the terms of the will before this court speaks of “that such part of my estate as shall be equal to the amount she would be entitled to receive under Article Five of the EPTL of the State of New York.” Examination of the separation agreement indicates that “each of the parties hereto and hereby forever waives, releases and relinquishes any right or claim which he or she now has or may have pursuant to the provisions of Section 5-1.1 of the EPTL of the State of New York.”
When the language of the separation agreement is read in conjunction with the language of the will, this court finds that at the time of decedent’s death, the respondent, Jean B. Fisher, was entitled to nothing under EPTL article 5. She had relinquished all of her rights under that provision of law by the separation agreement.
*567 The court must point out that there was more to the separation agreement than the above-quoted excerpt. It was not a hastily prepared document but was drafted with meticulous care. It was most detailed in its provisions as to property and other rights. Although not relevant to this decision, the court believes it should point out that provision was made in the separation agreement for alimony (now maintenance) as well as for a life insurance trust for the benefit of respondent, Jean B. Fisher, of no less than $132,000 to continue until her death or remarriage.
Since this matter has been submitted to the court, there has been called to its attention a recent decision involving a similar problem. This is Matter of Maruccia (78 AD2d 321). The court is aware that this decision appears to conflict with Matter of Reckseit (supra). Despite the holding in Matter of Maruccia (supra) in favor of the terms of the will, this court concludes that it is distinguishable from the case before the court and, therefore, is not supportive of the position taken by the respondent, Jean B. Fisher.
The language of decedent’s will, when read in context with the separation agreement, in effect makes no disposition to the respondent, Jean B. Fisher, because at the time of decedent’s death she was not entitled to receive any amount under EPTL 5-1.1, this right having been waived under the terms of the separation agreement.
Therefore, this court finds that the disposition for the benefit of Jean B. Fisher contained in the last will and testament of George M. Fisher fails for the reasons set forth above and thus becomes part of the residue of the estate.