JENNIE SCHOONMAKER and Others, Appellants, *v.* WILLIAM G. CROUNSE, Individually and as Administrator, etc., of EVANNA CROUNSE, Deceased, Respondent.

Third Department, January 8, 1941.

*William A. Glenn* [*Michael D. Reilly* and *John E. Glenn* of counsel], for the appellants.

*Bernard Fribush* [*Henry S. Kahn* of counsel], for the respondent.

SCHENCK, J. This is an appeal from a judgment of the Supreme Court dismissing the complaint herein on the merits and awarding costs to the defendant.

The defendant was the husband of Evanna Crounse at the time of her death. They had been married in 1903 and lived together as man and wife until November 9, 1926. At that time a written agreement of separation was entered into. In 1917, however, Evanna Crounse had made the will which is in question here. The will gave the residue of her estate, after payment of debts, to the defendant. It is the contention of the plaintiffs that this will was revoked by the separation agreement of 1926. The will is not referred to in the separation agreement, and the court below has held that, accordingly, the will was not revoked.

In the total absence of any intent on the part of the deceased to revoke the will in the agreement, the lower court should be sustained and it must be held that there was no revocation as claimed by plaintiffs. We find no authority contrary to this viewpoint.

The cases cited by the plaintiffs-appellants in support of the theory that the will was automatically revoked by the agreement can all be distinguished. The principle involved, furthermore, has already been passed upon by this court in *Thompson* v. *Thompson* (254 App. Div. 601, affg. 163 Misc. 946). The theory in that case was that a separation agreement, which did not expressly cut off a wife's rights under section 18 of the Decedent Estate Law, could not be held to cut off those rights by implication. In

the present case, application of the same principle means that defendant's rights under his widow's will are not affected by a separation agreement which apparently deliberately avoided reference to the will.

The trial court held that a reconciliation for about five weeks in 1929 served to destroy the effect of the separation agreement, thus leaving the validity of the will unchallenged. This theory appears to be sustainable as a matter of law although it need not be passed upon here in view of our holding that the agreement never had any effect on the will in the first place.

The judgment should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.