In the Matter of the Probate of the Will of MARIO DE NARDO, Deceased. JOSEPH DE NARDO et al., Appellants; STEPHANIA DE NARDO, as Executrix Named in the Will, et al., Respondents.— Contestants appeal from two orders of the Surrogate's Court, Queens County, which denied their motions for leave to amend their objections. Orders affirmed, with one bill of ten dollars costs and disbursements to respondent Stephania De Nardo, payable out of the estate. In the first proposed amendment, appellants seek to plead an interlocutory judgment of annulment, rendered in the Supreme Court, New York County, annulling the marriage between the decedent and respondent De Nardo, his alleged widow, on the ground that decedent was a lunatic at the time of the marriage. This is immaterial. The fact that the proponent, the principal legatee named in the paper offered for probate, may not be the testator's widow does not constitute a bar to the probate of the will. The annulment did not

effect a revocation of the testamentary provisions in favor of the wife. (Decedent Estate Law, § 34; *Delafield* v. *Parish*, 25 N. Y. 9; *Matter of Evans*, 113 App. Div. 373; *Matter of Simpson*, 155 Misc. 866.) The second proposed amendment alleges certain findings of fact in the annulment action respecting the lunacy of the decedent. Such findings are admissible on the issue of testamentary capacity raised by the original objections (*Matter of Widmayer*, 74 App. Div. 336; *Van Rensselaer* v. *Akin*, 22 Wend. 549) and being merely evidentiary, need not be pleaded. Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur.