In the Matter of the Estate of EMMA D. MARLEY, Deceased. DANIEL A. MARLEY, Appellant; FIRST TRUST COMPANY OF ALBANY, as Executor of EMMA D. MARLEY, Deceased, et al., Respondents.

Third Department, December 20, 1956.

*Edward M. Segal* for appellant.

*William A. Glavin* for Father Flanagan's Boys' Home and others, respondents.

*Eugene P. Devine* for executor, respondent.

BERGAN, J.   On April 16, 1952 the date his wife executed a will, the appellant husband executed a waiver of his right of election.   The statute (Decedent Estate Law, § 18, subd. 9) provides that a husband or wife '' may waive or release '' the right of election to take '' as against a particular last will, or as against any last will of the other spouse ''.

This language must necessarily be read as permitting a waiver or release of the right to elect as against a future will not executed at the time of the waiver or release, as well as against one then in existence.

A later will was executed by the wife March 17, 1954 which has been admitted to probate.   The pertinent language of the release signed by the husband is that he '' hereby does ratify and confirm any and all Wills and Testaments '' of the wife '' and hereby waives the right conferred by law to elect to take as against such Will '' of the wife.

If the last clause stood alone, it could well be read to have been intended to apply only to the will executed the same day, since '' such Will '' is in the singular.   But in searching the intent of the draftsman, the clause cannot be separated from context; and the context shows an intent to include within the scope of the instrument '' any and all Wills '' executed by the wife.

Since in contemplation of law there may be only one valid will possible at a time, these words must have been intended to include ratification of any succession of valid wills to be executed in the future, so that the singular words '' such Will '' to which the waiver refers must mean the last valid will contemplated in the sequential ratification suggested by '' hereby does ratify and confirm any and all Wills and Testatments ''.

The words '' ratify and confirm '' are not in the statute, but the word '' waive '' is there, and we construe the whole instru-

ment, as the Surrogate did, to contemplate a waiver of right to election as to any future will.

The decree should be affirmed, with costs to respondents payable from the estate.

FOSTER, P. J., COON and GIBSON, JJ., concur.

Decree affirmed, with costs payable to the respondents payable from the estate.