Joseph A. Cox, S.
The instrument propounded as the will of the decedent is dated January 14,1956. It bequeaths the entire estate to the decedent’s then wife but does not appoint an executor. The sole legatee named in the instrument petitions for its probate and seeks letters of administration with the will annexed. Objections to probate have been interposed by a daughter of the decedent.
A trial of the objections to probate has been had and the court is satisfied that the propounded instrument was duly executed in accordance with section 21 of the Decedent Estate Law, that the decedent was competent to make a will and that he was free from any restraint at the time the propounded paper was executed. The objections to the probate of the instrument are dismissed and it will be admitted to probate.
An objection of the daughter also refers to a separation agreement between the testator and his wife and a later divorce decree. Such objection contends that this agreement constituted a revocation of the will. While it is true that an instrument by which an estate or interest in property is altered may be so inconsistent with the terms and nature of a testamentary disposition of the same estate or property as to operate as a revocation of such disposition (Decedent Estate Law, §§ 39, 40; Matter of Ga Nun, 200 Misc. 789, affd. 279 App. Div. 982), an instrument which fails to meet the requirements of section 34 of the Decedent Estate Law, does not effect a revocation of a will and a basis for denial of probate. Here, because the will fails to name an executor, the right of the divorced wife to letters of administration with the will annexed is dependent upon her interest in the estate as a legatee (Surrogate’s Ct. Act, § 133) and, consequently, a representative of the estate cannot be appointed until the status of the present petitioner, as alleged sole legatee, has been determined. The issue is whether the separation agreement renders the provisions of the will inoperative and, inasmuch as there appears to be no need to take addi *280 tional proof as to the relations between the parties to the agreement, memoranda stating the contentions of the proponent and contestant may be submitted within two weeks from the date of publication of this opinion.
Proceed accordingly.