Joseph A. Cox, S.
The decedent, while separated from his
Avife, executed a will in which he bequeathed all of his property to her. At the date of the Avill the decedent was making monthly payments of $267 to his wife. In August, 1957, some 19 months after the execution of the will, the decedent and his Avife entered into an agreement which proAdded for monthly payments of $135 for the ensuing year and monthly payments in a reduced amount of $100 for the year ending October 1, 1959. The form of this agreement indicates that it was made in connection Avith a pending divorce action instituted by the decedent in the State of Georgia and, in September, 1957, a divorce decree was procured by the decedent in Georgia. He died on July 17, 1958 Avithout having revoked his Avill.
The court heretofore determined that the Avill is admissible to probate but, since the Avill fails to name an executor, a ques *1064 tion remained as to the right of the former wife, as sole legatee named in the will, to letters of administration with the will annexed (Matter of Torr, 17 Misc 2d 278). If the former wife is the sole legatee under the will she is entitled to appointment as estate representative, but it is contended by a daughter of the testator that the agreement of August, 1957 effected a revocation of the bequest in the will and thereafter the former wife had no interest as a legatee.
The effect of a separation agreement upon a previously existing will of one of the parties has been considered in a number of decisions which are not in accord as to ultimate result only because each case was determined upon its own facts. In both Matter of Ga Nun (200 Misc. 789, affd. 279 App. Div. 982) and Matter of Shack (207 Misc. 953) the testator had provided a minimal testamentary benefit to the spouse and thereafter an agreement was executed which provided for the relinquishment by the survivor of interests in the other’s estate. The determination in these cases was premised on a finding that the terms of the later agreement affected property interests in a way wholly inconsistent with the earlier testamentary disposition (Titus v. Bassi, 182 App. Div. 387). In other cases, of which Matter of Swords (120 Misc. 427, affd. 208 App. Div. 852) is typical, it was found that the agreement contemplated inter vivos property rights of the parties and was not wholly inconsistent with the earlier will (Schoonmaker v. Crounse, 261 App. Div. 77; Matter of Silberstein, 108 N. Y. S. 2d 88; Matter of Sussdorff, 182 Misc. 69). In the case at bar the testator bequeathed his entire estate to his wife, although he was separated from her when the will was made, and when the later agreement was made nothing was inserted therein which can be regarded as an explicit reference to her rights in his estate. The court reads this agreement as a settlement of inter vivos rights only but if it were possible to read the text of the agreement as an implicit reference to the rights of one party in the estate of the other, such an obscure and ambiguous reference cannot be regarded as a provision “ wholly inconsistent ” with the provision of the will. Furthermore it cannot be said that this testator, who survived for many months after the divorce, lacked the opportunity to revoke the will in a manner provided by section 34 of the Decedent Estate Law (cf. Matter of Ga Nun, supra, where the testator died one month after the divorce).
While it is to be recognized that sections 39 and 40 of the Decedent Estate Law may operate to revoke a testamentary gift under the circumstances existing in certain of the cases above cited, the inclination should not be in the direction of avoiding *1065 or weakening the statutory requirements as to the revocation of testamentary dispositions. The layman might incline to the position that a divorce decree, in and of itself, effects a revocation of a testamentary gift to the guilty spouse but it has been held to the contrary with unchallenged consistency (Matter of Simpson, 155 Misc. 866; Matter of Susdorff, 182 Misc. 69, supra; Matter of De Nardo, 268 App. Div. 865; Matter of Gourvoisier, 55 N. Y. S. 2d 277; Matter of Tuck, 165 Misc. 346, affd. 256 App. Div. 971, affd. 281 N. Y. 697.) So in cases of the type now before the court, a solemn testamentary instrument should not be rendered ineffectual upon conjecture as to the motivation of a testator who in his lifetime had ample opportunity to revoke or to amend the instrument had he desired to do so. Upon all the facts the court finds that the inter vivos agreement did not effect a revocation of the testamentary provision and that the proponent of the will is a legatee entitled to letters of administration with the will annexed.
Submit decree on notice.