William J. Regan, S.
The will of Eino Nelson was admitted to probate on April 6, 1966, with a provision in the decree that the matter was held subject to a construction of a separation agreement between the petitioner and the decedent.
*376 In September, 1965, the deceased went to Nevada for the purpose of obtaining a divorce. Although the visit and the purpose therefor are conceded, yet the wife never conceded the validity of the divorce. On October 29,1965, a separation agreement was entered into between the deceased and petitioner. Paragraph 11 of this separation agreement states “ Each of the parties does hereby stipulate and agree that this agreement shall constitute a waiver under Section 18 of the Decedent’s Estate Law of the State of New York of any right of election to take against any Last Will and Testament of the other party, whether heretofore or hereafter executed, and each party releases any and all interest and claim in the estate of the other party.”
On October 5, 1962, Eino Nelson executed his last will and testament, naming therein as the sole beneficiary of his estate his wife, the petitioner, Susannah Sarah Nelson. The special guardian has raised the question that the agreement referred to, in effect, was a renunciation, surrender and release by the wife of any right to share in the husband’s estate even as a beneficiary under the will.
The separation agreement, the court finds, did not constitute a revocation of the last will and testament of Eino Nelson under section 40 of the Decedent Estate Law. (Matter of Cote, 195 Misc. 410.)
A waiver, under section 18 of the Decedent Estate Law, is not inconsistent with a last will and testament which leaves the entire estate to the wife. There may have been a waiver of testamentary “rights”, but did not contemplate a waiver of testamentary “ gifts ”.
It appears to the court that, because of the apparent muddled marital situation between the parties, the separation agreement was entered into for clarification purposes. There is no doubt, had the testator changed his will to eliminate his wife, that the waiver in the agreement would have been effective to prevent her election. On the other hand, if he saw fit not to vary the terms of this will with the facts in mind as to his marital situation and the separation agreement, it must be assumed that the provisions of the will would stand.