Van Voorhis, J.
On January 26, 1945, testatrix executed a will in which she bequeathed all her property to her husband and named him executor. In October, 1954, testatrix and her husband entered into a separation agreement wherein they waived rights in each other’s estates. On February 4, 1955, the testatrix obtained an Alabama divorce. The decree of divorce incorporated the provisions of the separation agreement. The testatrix died on December 11, 1962, not having executed a new will. The husband offered the will for probate, which had been in the possession of his attorneys since its execution. Testatrix’ mother filed an answer in which she challenged proponent’s status, requested a construction of the will in the light of the separation agreement, and cross-petitioned for letters c. t. a. The mother then moved for summary judgment.
The Surrogate held that the separation agreement was binding upon the proponent, its validity having been determined by the Alabama court to whose jurisdiction both parties submitted themselves, and that the Alabama decree must be given full faith and credit; that the proponent was not the surviving spouse of the decedent at the time of her death; that an agreement adjusting and settling the mutual rights and interests of the parties in and to the estate of the other under section 40 of the Decedent Estate Law operates as a revocation of a provision in a will *285 theretofore executed if the terms and conditions of the adjustment and settlement are wholly inconsistent with the terms and nature of such previous devise or bequest; that this separation agreement under that section resulted in a revocation of the bequest and devise to the husband and a revocation of his appointment as executor. The Appellate Division affirmed without opinion.
The proponent argues that section 40 of the Decedent Estate Law does not operate on a separation agreement so as to revoke a devise or bequest of the residuary estate made by an earlier will of one spouse in favor of the other; that this separation agreement is not ‘ ‘ wholly inconsistent ’ ’ with the testamentary gifts to appellant which were not thereby revoked by the operation of section 40; that the Alabama statute as to the effect of a divorce decree as revocation has no application to the will of a New York decedent; that summary judgment was not warranted by the record, which is claimed to raise a triable issue of fact as to the effect of the separation agreement determined from the circumstances and-conduct of the decedent. In our view the decisions by the Surrogate and the Appellate Division are correct.
The Alabama law providing that divorce revokes testamentary gifts to the other spouse would appear to have no application, even though the deceased was domiciled there when she procured her divorce, inasmuch as she later resumed her domicile in New York State. The rule is that in case of a bequest of personalty the law of the testator’s domicile at the time of death determines whether events subsequent to the execution of a will constitute a revocation and, in the case of a devise of realty, the law of the State in which the land is located (see 16 Am. Jur. 2d, Conflict of Laws, § 61, “ Revocation ”, p. 94; 9 ALR 2d 1423). Respondent would distinguish the New York case of Matter of Lans (29 Misc 2d 758, affd. 13 A D 2d 922) upon the ground that here the spouse who procured the divorce was the testator. It is argued that because the testator-wife had to be domiciled in Alabama when she obtained the divorce, and was adjudicated to have been domiciled there by that decree, her estate is estopped to deny that the Alabama law of revocation governs since she was located there when the act of revocation (viz., the divorce) occurred. In Lans the testator was defendant in the divorce *286 suit, and never became domiciled in the other State. But the rule of conflict of laws is ‘ ‘ that whether a divorce procured subsequently to the execution of the will has the effect of revoking the will as to the divorced spouse, is to be determined as to personal property disposed of by the will, by the law of the decedent’s domicile at the time of death and not by the law of the state where the divorce was procured, notwithstanding the testator was domiciled in the latter state at the time the will was executed ” and the divorce obtained (16 Am. Jur. 2d, Conflict of Laws, § 61, citing Matter of Lans, supra, and Matter of Patterson, 64 Cal. App. 643, error dsmd. 266 U. S. 594). Neither the Surrogate nor the Appellate Division placed their decisions on that Alabama statute.
This does not affect the outcome if the Surrogate and the Appellate Division were correct that this separation agreement operated as a revocation of the gifts-to the husband under the law of this State under section 40 of the Decedent Estate Law and rulings such as Titus v. Bassi (182 App. Div. 387, 396); Matter of Ga Nun (200 Misc. 789, 790, affd. 279 App. Div. 982); Matter of Loeb (155 Misc. 863); Matter of Gilmour (146 Misc. 113). Appellant’s contention is based mainly on section 34 of the Decedent Estate Law which prescribes particular methods for the revocation and the cancellation of written wills that do not include the making of subsequent separation agreements. The leading case for the respondent is Titus v. Bassi (supra) which holds that section 40 of the Decedent Estate Law modifies section 34 to the extent that bequests are revoked by provisions in a separation agreement which “are wholly inconsistent with the terms and nature of such previous devise or bequest ’ ’. The language of the separation agreement now in suit is that the husband (appellant) releases “any and all right, title and interest in and to the property or estate of the Wife (whether now owned or hereafter acquired), her executors and administrators, heirs at law and next of kin, which the husband now has or may have ” including any right to take against her will under section 18 of the Decedent Estate Law. This language, read as a whole, is inconsistent with the survival of the testamentary gifts to the husband.
The cases cited in appellant’s brief holding that no revocation occurred contain no language of the other spouse releasing any