OPINION OF THE COURT
Joseph J. Traficanti, Jr., S.
This is a construction proceeding which was brought on by way of petition by the infant issue of the decedent through the court-appointed guardian ad litem. The decedent Christine P. Foundas executed a document purporting to be her last will and testament on May 9,1978. The will was admitted to probate by this court on November 23, 1981 and the question raised by the guardian ad litem of construction was reserved for future consideration and decree in accordance with SCPA 1420 (subd 3).
The will in essence bequeathed to John J. Foundas, the decedent’s husband, all of the estate, and provided that if John predeceased her, then the entire estate would go to her children per stirpes including the infant Demetra J. Foundas who brings this proceeding.
On April 14, 1981 Christine P. Foundas, the decedent, entered into a separation agreement with John, her husband. Among other things this agreement provided that the wife would have custody of the children with visitation *974 rights to the husband. Various provisions were included for the support of the children during minority and for the wife until her death or remarriage. Further the parties agreed that the husband would deliver a deed to the wife conveying all his right, title and interest to a parcel of land in Saugerties, New York, on which was situated a one-family dwelling. The separation agreement also contained two paragraphs purporting to be releases found in paragraphs “3” and “4”. Because of their importance in this proceeding, paragraphs “3” and “4” are set forth here at length:
“3. Subject to the provisions of this Agreement, each party has remised, released and forever discharged and by these presents does for himself or herself and his or her heirs, legal representatives, executors, administrators and assigns, remise, release and forever discharge the other of and from all cause or causes of action, claims, rights or demands whatsoever, in law or in equity, which either of the parties hereto ever had or now has against the other, except any and all causes of action for divorce.
“4. Each of the parties may in any way dispose of his or her property of whatsoever nature, real or personal, and each of the parties hereto, each for himself or herself, respectively, and for their respective heirs, legal representatives, executors, administrators and assigns, hereby waives any right of election which he or she may have or hereafter acquire regarding the estate of the other, whether heretofore or hereafter executed, as provided for in any law, now or hereafter effective, of the State of New York or any other state or territory of the United States, or any foreign country, and renounces and releases all interests, right or claim of distributive share or intestate succession or dower or curtesy or otherwise, that he or she now has or might otherwise have against the other or the estate of the other, under or by virtue of the laws of any State or Country and each will at the request of the other, or his or her legal representatives, executors, administrators and assigns, execute, acknowledge and deliver any and all deeds, releases, or any other instruments necessary to bar, release or extinguish such interests, rights and claims or which may be necessary for the proper effectuation of any of the provisions of this agreement. Each of the parties *975 renounces or relinquishes any and all claims and rights that he or she may have or may hereafter acquire to act as executor or administrator of the other party’s estate.”
The separation agreement was filed with the Ulster County Clerk on June 19, 1981. Neither party, however, has obtained a divorce. The wife died in an automobile accident on July 8, 1981. A petition was filed for the probate of the will by the substitute executor, the primary executor, the decedent’s husband having renounced. The question presented is whether the language of the separation agreement is sufficient to cause a revocation of the provisions of the decedent’s will granting her estate to her husband in accordance with the stricture of EPTL 3-4.3.*
The Court of Appeals has recently offered some guidance relative to the effect of portions of a separation agreement on a prior voluntary disposition in favor of a separated spouse. (Matter of Maruccia, 54 NY2d 196.)
Paragraph “3” of the separation agreement stated above is found here to be but a general release only. EPTL 3-4.3 provides: “A conveyance, settlement or other act of a testator by which an estate in his property, previously disposed of by will, is altered but not wholly divested does not revoke such disposition, but the estate in the property that remains in the testator passes to the beneficiaries pursuant to the disposition. However, any such conveyance, settlement or other act of the testator which is wholly inconsistent with such previous testamentary disposition revokes it.”
This court finds that the language in paragraph “3” does not meet the test of the statute. It is not “wholly inconsistent” with the prior devise or bequest. (Matter of Coffed, 46 NY2d 514.) Likewise the language of paragraph “4” of the separation agreement falls short of the formality and strictures required by Maruccia (supra).
Reducing paragraph “4” to its component parts, the parties to the Foundas agreement provide the following:
*976 1. “each * * * hereby waives any right of election which he or she may have or hereafter acquire regarding the estate of the other, whether heretofore or hereafter executed, as provided for in any law”.
2. “renounces and releases all interests, right or claim of distributive share or intestate succession or dower or curtesy or otherwise, that he or she now has or might otherwise have against the estate of the other”.
3. “each will at the request of the other, or his legal representatives * * * execute, acknowledge and deliver * * * releases, or any other instruments necessary to bar, release or extinguish such interests, rights and claims or which may be necessary for the proper effectuation of any of the provisions of this agreement” (emphasis supplied), and
4. “each * * * renounces or relinquishes any and all claims and rights that he or she may have or hereafter acquire to act as executor or administrator of the other party’s estate.”
Point “1” addresses itself only to the right of election against the other’s estate. It appears that the parties intended that if one did not provide for the other in a will the spouse not named as a beneficiary waived his or her rights under EPTL 5-1.1 or any other similar statute. This does not address itself to a voluntary bequest which is the case here. The court finds further that point “2” as outlined above constitutes a waiver of right to take in intestacy only.
The guardian ad litem argues very astutely that the words “distributive share” may be subject to a more general meaning. While this may be true the use of such general meaning will not satisfy EPTL 3-4.3 which requires more precision. Further an examination of EPTL 1-2.5, 11-1.5, 4-1.1 (subd [g]), and others leaves little doubt that an intestate distribution is what the Legislature intended those words to refer to when using them in the context of the EPTL. The words “or otherwise” are suggested by the guardian ad litem as intended to mean any other type or interest either statutory or nonstatutory that either spouse may have against the other. The Court of Appeals, however, in Maruccia (supra) in addressing itself *977 to similar language suggests that no matter what effect is given to the phrase “or otherwise” under the standard adopted in that case, the language of the separation agreement was insufficient to cause a revocation of the provision of the decedent’s will naming the surviving spouse as beneficiary. In this case, this court likewise finds that portions of the separation agreement fall far short of the “wholly inconsistent” test.
Point “3” above has the effect of requiring from each party to the agreement any document necessary to fulfill the promises made therein. No waiver or other document was executed by the husband of the deceased according to the record before the court. If the parties had intended that the other waive and renounce a prior voluntary bequest, ample opportunity existed to either obtain such a renunciation or revoke or amend the will (Matter of Torr, 17 Misc 2d 1063). Here, as in Maruccia (54 NY2d 196, supra), there is no reference to a voluntary bequest in the separation agreement and there is no language that establishes a clear and unmistakable intent to revoke the voluntary bequest. It is true that the language in point “4” above constitutes a waiver by each of the parties to act as an executor or administrator in the other’s estate and it is urged that this manifests an intent to waive the bequest also. In the Maruccia agreement, the spouse gave up “ ‘all right to administer the estate’ ”. (Matter of Maruccia, supra, p 201.) These words were insufficient in that case to work a revocation. Since one can “administer” an estate either as an executor or as an administrator, this court holds that that portion of the Foundas agreement alone, is likewise insufficient to effectuate a revocation of the voluntary bequest in the last will and testament of Christine P. Foundas. The “right” to act as executor was given up but this does not imply that the bequest is also waived. (Matter of Nelson, 51 Misc 2d 375.)
The court must commend the scholarly effort exerted by the guardian ad litem on behalf of her ward.
Accordingly, the court finds that the separation agreement dated April 14,1981 did not constitute a revocation of the last will and testament of Christine P. Foundas insofar as it applied to her surviving spouse. Paragraph “first” of *978 the decedent’s last will and testament will be given full effect and those provisions of the will wherein John J. Foundas has received a voluntary bequest will stand.
The attorney for the executrix to submit order on notice to the guardian ad litem in accordance with section 1940.10 of the Uniform Surrogate’s Court Rules, Third Department (22 NYCRR 1940.10). The guardian ad litem is to submit an affidavit of services rendered and time spent.

 The decedent’s actions, on their face, clearly do not meet the formality of revocation required by EPTL 3-4.1, nor was there a revocation by operation of law in accordance with EPTL 5-1.4.