■ BARBARA B. WINKLER, Appellant, v BERTRAM BAUMAN et al., Individually and as Trustees of Scott Personnel, Inc., Employees Profit-Sharing Plan and Trust, Respondents. — Order of the Supreme Court, New York County (Blangiardo, J.), entered December 22, 1981, denying partial summary judgment, unanimously reversed, on the law, partial summary judgment granted on the first cause of action, and the case remanded for assessment to determine amount due, without costs. The decedent (Irving Winkler) established with his former business partner (defendant Berkrot) a profit-sharing plan and trust in 1967. The plan provided that each participant would have the unfettered right at any time to designate or change beneficiaries. In the event of failure to designate a beneficiary, the participant's interest in the trust fund would be paid to "his surviving spouse". The decedent never did designate a beneficiary for his interest in the plan. Shortly after establishment of the plan, the decedent bought out his partner's interest in the business. The decedent married plaintiff in 1971. On July 29, 1980 plaintiff and the decedent separated pursuant to a "Settlement Stipulation" which contained the standard clause by which each waived interest in the other's estate except for voluntary testamentary provisions. Four days later the decedent was shot and killed by his son from a previous marriage. The motive for this murder was unrelated to the issue at hand. At the time of his death, the decedent's share in the profit-sharing plan amounted to about $30,000. Plaintiff sought payment of this amount as the surviving spouse. Special Term denied her motion for summary judgment in this respect, ruling that the separation agreement had created a question of fact as to plaintiff's possible waiver of these trust fund benefits. Under the terms of the separation agreement, which provided for weekly support payments for plaintiff commencing at $200 and increasing to $384.62 from 1981 onward, all moneys or securities or both held by the decedent solely in his own name or jointly with someone other than plaintiff were to be retained by him for his exclusive use and benefit. However, the separation agreement did not specifically mention the profit-sharing plan, which was in existence at that time. Waivers of interest in a spouse's estate are to be strictly construed, requiring explicit renunciation of interest in particular properties. (See *Matter of Maruccia,* 54 NY2d 196, construing an alleged waiver of interest in the testamentary disposition of an estate.) The general waiver language of the separation agreement here cannot be expanded, on these facts, to include the profit-sharing plan. Plaintiff, as the surviving spouse, has a right to an assessment and payment of the decedent's share. The plan specifically requires payment to the "surviving spouse". There being no divorce, plaintiff is patently the surviving spouse. Concur — Ross, J. P., Carro, Markewich, Lupiano and Fein, JJ.