OPINION OF THE COURT
Bernard L. Reagan, S.
This is a motion for summary judgment brought on by Charles W. LeRoy, the alleged widower of the decedent, Josephine L. LeRoy, to declare valid said Charles W. LeRoy’s exercise of his right of election and marriage to the decedent, Josephine L. LeRoy.
*383 Antoinette J. Davin, individually and as executrix of the estate of Josephine L. LeRoy, cross-moves for summary judgment determining the election of Charles W. LeRoy against Josephine L. LeRoy’s will invalid and the alleged marriage between Charles W. LeRoy and the decedent, Josephine L. LeRoy, invalid ab initio.
The testatrix, Josephine LeRoy, died on October 11, 1981, a resident of Onondaga County. On November 27, 1981 her last will and testament dated July 24,1980 and a codicil thereto dated September 18, 1980 were admitted to probate in this court and letters testamentary issued to the named executrix and a respondent herein, Antoinette J. Davin, the sister of the decedent.
It is fundamental that in considering the motions for summary judgment presented, the court must search the record for any material and triable issue of fact; even if there is any doubt as to the existence of such issues, the motion should be denied (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439). At the same time the mere assertion that there exists such an issue is not sufficient; the opposing party must by admissible evidence demonstrate the existence of such issue (Zuckerman v City of New York, 49 NY2d 557).
In her verified petition for probate, the executrix, Antoinette J. Davin, listed in section “6[a]” thereof, “Charles W. LeRoy”, the petitioner herein, as the “spouse”. Antoinette J. Davin also executed a sworn sole distributee affidavit made pursuant to rule 2230.13 of the Uniform Calendar and Practice Rules for Surrogates’ Courts in the Fourth Department (22 NYCRR 2230.13), in which she concluded, “The decedent is survived by one distributee, her spouse, Charles W. LeRoy”.
The will of the decedent dated July 24, 1980 had two dispositions in favor of Charles W. LeRoy: paragraph “second” was a bequest of an automobile, and paragraph “third”, a $25,000 trust. In both dispositions the testatrix described Charles W. LeRoy as “my husband”. The codicil to the July 24, 1980 will, said codicil being dated September 18,1980, “deleted” paragraphs “second” and “third” of the will and in effect cut the petitioner, Charles W. LeRoy, out of her will.
*384 On May 24, 1982, petitioner filed his notice of election pursuant to EPTL 5-1.1. The executrix rejected the notice of election. The petitioner then instituted this proceeding.
Antoinette J. Davin, the executrix of the estate of Josephine L. LeRoy and one of the two residuary beneficiaries, implicitly disavowing her probate petition and sole distributee affidavit, challenged the validity of an alleged Mexican marriage between decedent and Charles W. LeRoy , on a number of grounds and further alleged that petitioner had waived his right of election by a waiver dated July 1, 1975. Rose M. Gay, sister of the decedent, a specific legatee and the other residuary beneficiary, together with her husband, Clifton Gay, a specific legatee, also answered and raised as their sole defense the alleged waiver of July 1, 1975.
Various discovery procedures ensued, including examinations before trial. As a result, petitioner, Charles W. LeRoy, moved for summary judgment against the respondents. Respondent, Antoinette J. Davin, opposed said motion and cross-moved for summary judgment. Clifton Gay and Rose M. Gay have not filed any papers in response to petitioner’s motion; on the day of oral argument their attorney stated his clients wanted the motion decided on the papers already submitted.
It is undisputed that petitioner, Charles W. LeRoy, and Josephine L. LeRoy, the decedent, were married in 1941 and subsequently divorced. Decedent later married and divorced at least one other man. What is disputed in this proceeding is the alleged remarriage of petitioner, Charles W. LeRoy, and Josephine L. LeRoy, the decedent, on February 10, 1972 at Tijuana, Baja, Mexico.
THE MARRIAGE
The four defenses raised by respondent Davin challenging this marriage of decedent and petitioner are readily disposed of. The doctrine of res judicata is applicable to the decree entered in the probate proceeding and is conclusive as to the parties over whom the court acquired jurisdiction (see, generally, 25 Carmody-Wait 2d, NY Prac, § 149:286, p 348; IB Warren’s Heaton, Surrogate’s Courts [6th ed], § 114, par 1, p 17-7). In said proceeding, jurisdiction was *385 obtained over Antoinette J. Davin, who instituted that proceeding, and over Charles W. LeRoy, who executed a waiver of service of citation.
The executrix, Antoinette J. Davin, whose letters were issued on the basis of a verified petition which listed only Charles W. LeRoy as a distributee, is in effect claiming in this proceeding that Charles W. LeRoy is not a distributee. No explanation has ever been proffered for the prior statements and the executrix has not maintained that she has learned the marriage might be invalid subsequent to, rather than prior to, probate. Neither has she made any attempt to reopen the probate proceeding. The court is not even sure who the distributees of the decedent would be, if the petitioner, Charles W. LeRoy, were not the husband: it appears from the various papers submitted that decedent did leave three sisters, including Antoinette J. Davin and Rose M. Gay, but it is not clear if there are any other surviving siblings or issue of deceased siblings of decedent.
The probate decree is conclusive as to every material matter expressly or impliedly ruled upon (see, generally, 25 Carmody-Wait 2d, NY Prac, § 149:289, p 352). The entry of the probate decree necessarily determined that the uncontroverted allegations of Antoinette J. Davin that Charles W. LeRoy was the spouse and sole distributee were in fact true. If these statements were not taken as true, then it would have been first necessary to acquire jurisdiction over other parties before entry of the probate decree. The recital portion of the decree contained the statement: “Antoinette J. Davin having submitted an affidavit showing Charles W. LeRoy to be the sole distributee of the decedent”. The prior decree of this court has to be taken seriously and the executrix should also regard seriously her prior sworn statements. If the respondent, Antoinette J. Davin, wanted to raise as a defense the invalidity of the marriage, she should have sought to reopen the probate proceeding, although no ruling is now being made on whether or not she would have had grounds to do so.
Respondents Rose M. and Clifton Gay present a different situation. If Charles W. LeRoy in fact was not the husband of decedent, then Rose M. Gay would be a necessary party on the probate proceeding. Jurisdiction over her was not *386 acquired on the probate proceeding. Clifton Gay would not be a necessary party on the probate proceeding whether or not Charles W. LeRoy was the husband. However, in their answer to the petition herein, Clifton Gay and Rose M. Gay denied knowledge or information sufficient to form a belief as to the alleged marriage of petitioner and decedent. As previously noted, they raised as their only defense the alleged waiver of right of election. In response to a notice to admit served by the petitioner, Charles W. LeRoy, Rose M. Gay replied that she could not admit or deny the allegations regarding the alleged marriage “since a question of law is presented”. Also, as stated above, the Gays have not served any papers in response to petitioner’s summary judgment motion; and Rose M. Gay has not sought to reopen the probate proceeding. Despite the fact that Rose M. Gay was not made a party to the probate proceeding, in the absence of an attack on that decree and in the absence of even an allegation that the marriage is invalid, the court’s only alternative is to rely on the prior final decree in the probate proceeding and hold as a matter of law that petitioner is the surviving spouse of decedent.
THE WAIVER
All of the respondents invoke an alleged waiver dated July 1, 1975, as a bar to Charles W. LeRoy’s claimed right of election.
The waiver reads: “In consideration of the bonds purchased by my wife in her name and mine under the title of Josephine l. le roy or Charles w. le roy, I agree not to contest her Will and hereby waive any right of election which I may have against her Will under New York law”.
The parties do not dispute the following:
1. The waiver was executed by Charles W. LeRoy on July 1, 1975 at the office of decedent’s then attorney.
2. The waiver was drafted by decedent’s attorney.
3. The acknowledgment appearing on the waiver was taken by the spouse of decedent’s attorney, who is also an attorney as well as notary public.
4. That on July 1,1975, the decedent also executed a will dated July 1, 1975.
*387 5. The will dated July 1, 1975 was also drafted by and executed at the office of decedent’s attorney referred to above at or about the same time the waiver was executed.
But the parties differ on what this waiver means. EPTL 5-1.1 (subd [f], par [1]) provides in part that a spouse may waive a right of election “against a particular or any last will or a testamentary substitute”.
The petitioner argues that since the waiver does not waive against “any will” or against “the estate” that it must be interpreted as only applying to the will dated July 1, 1975. The respondents’ position is that since the waiver did not specify the date of “her will”, it means “any will” and that by statutory definition (SCPA 103, subd 52) “will” means “last will”.
Petitioner and respondent Davin both cite Matter of Deffner (202 Misc 1, revd 281 App Div 798, affd 305 NY 783). In Deffner, the waiver specified by date a particular will, but no intimation was given in the Appellate Division opinion of what would have been the consequence if no date appeared on the waiver. Therefore, Deffner cannot be said to stand for the proposition that the waiver must contain” the date in order to be limited to a particular will. On the other hand, Deffner cannot be said to compel a result in favor of the petitioner herein as the waiver in this case does not contain a date. Deffner does contain a statement, though, showing the perspective to be taken by the court: “Our courts have repeatedly held that a widow’s right of election may be waived only by strict conformity with the statute” (281 App Div 798, supra).
Both petitioner and respondent Davin have moved for summary judgment on the waiver issue, contending that there is no issue of fact. Each asserts as clear cut a differing interpretation of the waiver. There is a certain plausibility to both positions. It is the opinion of the court that this sparsely worded document falls somewhere between — maybe at the midpoint between — a clear cut waiver against a particular will and a clear cut waiver against any will.
Matter of Marley (3 AD2d 53) and Matter of Peltz (14 Misc 2d 18), cited by respondent Davin, are not dispositive of *388 this case. Peltz involved an agreement between spouses which contained much additional language revealing in toto an intent to waive against any will. Likewise in Marley, there was other language and looking at that waiver as a whole, a waiver against all wills was found. Matter of Denison (255 App Div 294) and Matter of Fuchs (27 Misc 2d 352), also cited by the executrix, are of little guidance. In Denison, there was only one will executed nine and one-half years after a release which again contained additional language not present here. Fuchs did not quote the waiver language in question; it only stated that “the waiver is general and unlimited in nature”.
There is not a single, unassailable interpretation that can be given to this document. The court believes that the guidepost to resolution of this problem is Matter of Maruccia (54 NY2d 196). Maruccia involved a different problem — although related to the one at hand; its significance here lies in the over-all policy it reveals. In Maruccia, the Court of Appeals was faced with the following situation: the decedent and his wife had executed a separation agree-ment but were not divorced; the separation agreement contained boilerplate language of waiver of rights to take against each other’s estate; and the decedent’s probated will, which had been executed prior to the separation agreement, contained dispositions to his wife. The question presented was whether the waiver language in the separation agreement revoked the testamentary dispositions pursuant to EPTL 3-4.3. In its unanimous opinion, the court held (supra, p 205) that only clear and unequivocal language would be sufficient to revoke the testamentary dispositions. The court stated (54 NY2d, at pp 205-206) that “The ambiguous phrases whereby petitioner waived and released all right to share in the decedent’s estate ‘which has arisen or may hereafter arise by operation of law or otherwise’ and in which she gave up ‘all right to administer the estate’ are alone insufficient to work a revocation of the provisions of decedent’s will. Under the criteria set forth earlier, a far clearer indication of decedent’s intent is required before it can be concluded that he desired to revoke a prior devise or bequest to this wife.”
In this case we are, of course, dealing with EPTL 5-1.1 *389 regarding waiver of the right of election. But the principle emanating from Maruccia {supra) is that such waivers are to be strictly and narrowly construed. A surviving spouse will not be deemed to have waived important statutory rights granted by the Legislature unless he or she has done so in the most unambiguous and unquestionable language. The court will not delve into all manner of parol testimony in an attempt to discern what was the intent of the petitioner and/or decedent. If there is any doubt as to the meaning of the waiver, it will be resolved against the party asserting it as a matter of law.
In view of this resolution, it is unnecessary to consider whether the waiver would be effective against testamentary substitutes. Also rendered moot are petitioner’s contentions of failure of consideration and fraud.
CONCLUSION
The motion for summary judgment by petitioner, Charles W. LeRoy, against respondents, Antoinette J. Davin, Rose M. Gay and Clifton Gay, is in all respects granted. The cross motion for summary judgment by respondent, Antoinette J. Davin, against the petitioner, Charles W. LeRoy, is in all respects denied.