OPINION OF THE COURT
John M. Thomas, S.
In this motion for summary judgment, the decedent’s surviving spouse seeks dismissal of a cross petition for probate by the brother of the decedent and issuance of letters testamentary to herself.
*855 Joseph M. Chmiel died on August 2, 1994, leaving as his sole distributee Debra S. Chmiel, his surviving spouse, and the aforementioned will which left the decedent’s estate in its entirety to Debra Chmiel with a gift over to the decedent’s brother, Ronald E. Chmiel, in the event that the decedent’s wife predeceased him.
Eight months after the execution of the will on April 26, 1993, Joseph Chmiel and Debra Chmiel entered into a separation agreement dated December 28, 1993, which among other provisions provided at paragraph 10 thereof,
"waiver of claims. Except as herein provided, each of the parties hereto does elect to forfeit and hereby waives any statutory or intestate interest or right which would otherwise be conferred on or vested in him or her with respect to any property, real or personal, hereafter acquired by the other party. Each party does hereby agree to forego and hereby does release the other party and his or her estate from any and all intestate interest or distributive share which he or she otherwise might become entitled to receive upon the death of the other, and hereby waives the right to elect to take as against any Will or Testament heretofore or hereafter made by the other. Each party does hereby agree to permit any Will of the parties to be probated and all administration upon the personal estate and effects of the other, to be taken out by the person or persons who would have been entitled to do so, had the parties hereto not married. Nothing herein contained shall prevent either Husband or Wife from taking any benefit under the Will of the other which either may choose to place in her or his Last Will and Testament executed at anytime after the date of this Agreement.”
Debra S. Chmiel filed her petition for probate and supporting documents on August 16, 1994. The brother of the decedent and alternate beneficiary under the will having received permission of this court to intervene by its order of October 18, 1994 filed a cross petition for probate seeking letters testamentary for his brother’s estate and the court’s decree that the separation agreement of December of 1993 was a settlement or act of the testator which was so wholly inconsistent with the provisions of the will that it revoked the same pursuant to EPTL 3-4.3.
This section of the law to some degree codifies the common law of ademption and has its origin in the revised statutes of 1829 (see, Rev Stat of NY, part 2, ch 6, tit 1, art 3, §§ 47, 48 *856 [7th ed]; Langdon v Astor’s Executors, 16 NY 9 [1857]; Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 3-4.3, at 576).
The section in its present form provides that a conveyance, settlement or act of a testator by which an estate in property previously provided for by will is altered but not wholly divested does not revoke such testamentary disposition but "however any such conveyance, settlement or other act of the testator which is wholly inconsistent with such previous testamentary disposition revokes it.” A majority of the cases interpreting this language involve the effect of separation agreements on prior testamentary dispositions. In Matter of Hollister (18 NY2d 281), the Court of Appeals in 1966 determined that a release clause in a separation agreement, if sufficiently broad, could affect a revocation of a prior will. In that case the clause provided that the husband (survivor) released "any and all right, title and interest in and to the property or estate of the wife (whether now owned or hereafter acquired), her executors and administrators, heirs-at-law and next of kin, which the husband now has or may have.” The Court held that this language was sufficiently inclusive to revoke the wife’s will of some 10 years earlier that left her entire estate to her husband. Prior to Hollister (supra), the cases tended towards a more restrictive interpretation of waiver clauses in separation agreements. (See, Matter of Torr, 17 Misc 2d 1063 [1959]; Matter of Cote, 195 Misc 410 [1949].) After Hollister (supra), the meaning of "wholly inconsistent” required a case-by-case analysis and a judicial determination that the parties intended that the rights delineated in the separation agreement should supersede the testamentary benefits in the prior will. In 1981, the Court of Appeals in Matter of Maruccia (54 NY2d 196) addressed the problem inherent in such a process observing that courts in focusing on the general language in release clauses often came to opposite conclusions while construing essentially identical provisions, citing Matter of Nelson (51 Misc 2d 375); Matter of Swords (120 Misc 427, affd 208 App Div 852); Matter of Shack (207 Misc 953); Schoonmaker v Crounse (261 App Div 77); and Titus v Bassi (182 App Div 387). Such inconsistency the Court opined caused some courts to look to the relationship and conduct of the parties, both before and after executing the separation agreement in order to ascertain whether there was a revocation citing Matter of Ga Nun (200 Misc 789, affd 279 App Div 982) and Matter of Gilmour (146 Misc 113). In the Maruccia case (supra), the will *857 executed on June 14, 1966, after providing some general and specific bequests left the remainder of the estate divided between his wife, two children of their marriage and two children of a prior marriage. Ten years later in 1976, the Maruccias entered into a separation agreement in which the release clause at paragraph twelve provided: "Except as hereinbefore stated, each party hereto releases and relinquishes to the other party all claims or rights which may now exist or hereafter arise by reason of the marriage between the parties with respect to any property, whether real or personal, belonging to such other party and, without limiting the foregoing, each party hereby waives and releases to the other party all right to share in any of the property or estate of such other party which has arisen or may hereafter arise by operation of the law or otherwise, and hereby specifically waives and releases all right of dower or curtesy, or rights in lieu thereof, and all rights to share in the estate of the other party under the intestacy laws of any jurisdiction and all right of election to take against (a) any Last Will and Testament of such other party whether executed prior or subsequent to the execution hereof or (b) any testamentary substitute or inter vivos transfer made by the other party with all right to administer the estate of such other party.” (Supra, at 200.)
The Court after discussing the Hollister decision (supra) and the problems of its progeny, overruled Hollister and established a new rule of law for the interpretation of EPTL 3-4.3 requiring that the separation agreement "must either contain a provision whereby the spouse explicitly renounces any testamentary disposition in his or her favor made prior to the date of the separation agreement or employ language which clearly and unequivocally manifests an intent on the part of the spouses that they are no longer beneficiaries under each other’s wills.” (Matter of Maruccia, 54 NY2d, at 205, supra.) Applying this test to the language in the Maruccia separation agreement, the Court held that the provisions were insufficiently definite enough to work a revocation of the decedent’s prior will. After establishing this very strict test, the Court of Appeals notes that it should have limited application since the norm would be that following the separation agreement there would be a dissolution of the marriage through divorce which pursuant to EPTL 5-1.4 automatically revokes all prior testamentary dispositions to the former spouse unless the will specifically provides otherwise. Additionally, the Court com- *858 merits that the commentators are correct when they say " 'sound practice would indicate that whenever parties are legally separated or divorced, the client’s will should be amended to reflect the changed circumstances and revised plan of testamentary dispositions’ ” (54 NY2d, at 206, supra, citing Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 3-4.1, at 526). As is often the case, in the proceeding now before the court, the attorney who prepared the separation agreement was not the attorney nor the law office who prepared the will and therefore there was no personal knowledge of the will’s existence without specific inquiry by the attorney.
In his opposition to this motion for summary judgment by the surviving spouse, the respondent contends that when analyzing the language of the Chmiel separation agreement with the statute EPTL 3-4.3, paragraph 10 and paragraph 5 are wholly inconsistent with the decedent’s previous testamentary provisions and therefore are revoked. Since the bulk of the provisions in paragraph 10 relate to statutory and intestate rights, the principal sentence upon which the respondent must depend is the third sentence in paragraph 10 which states the following: "Each party does hereby agree to permit any Will of the parties to be probated and all administration upon the personal estate and effects of the other, to be taken out by the person or persons who would have been entitled to do so, had the parties hereto not married.”
The respondent contends that this should be interpreted that any will of the decedent be allowed to be probated and the estate administered (not necessarily intestate) as if the parties had not married and that therefore the respondent would be the beneficiary. As to paragraph 5 of the separation agreement, the respondent points out that the principal asset of the estate was the marital residence which under the will the surviving spouse received and under paragraph 5 of the agreement she gave up all of her right to. The respondent also argues that even under the Maruccia test, both in paragraph 10 and in paragraph 5, that the Chmiel separation agreement did indeed employ language which was clearly and unequivocally manifested intent of the parties that they are no longer beneficiaries under each other’s wills. Finally, the respondent argues that Maruccia (supra) is distinguishable on its facts and therefore cannot be precedent to the instant proceeding. In this contention, the respondent points out that what the surviving spouse was to receive under the prior will and that *859 which the surviving spouse gave up in the separation agreement in Maruccia was not necessarily that incompatible, whereas in the case now before the court it is impossible to reconcile the fact that in the Chmiel will the entire estate was given to the wife (marital residence) and in the separation agreement the spouse gave up in its entirety all rights to the same property. Secondly, in Maruccia the respondent points out that the Court was faced with disinheriting a wife of 19 years and in the instant case the court addresses a marriage of only 14 months. Finally he argues that in Maruccia there was ample time after the separation agreement to follow through with a divorce (some 17 months), whereas in Chmiel there was only 7 months between the execution of the separation agreement and the death of the decedent.
The respondent’s arguments are ably argued and briefed and under the Hollister doctrine (18 NY2d 281, supra) might successfully result in the revocation of the testamentary instrument, but under the harsh eye of Maruccia (supra) must ultimately fail. The respondent in points one and two attempts to apply the language of the separation agreement directly to the statute, EPTL 3-4.3. The Court of Appeals however has interpreted the language of the statute and set forth a test upon which all separation agreements after that decision must be measured. In other words, the language of the Chmiel separation agreement must be measured against the statute as interpreted by Maruccia and not simply to the statute. In attempting to distinguish the Maruccia facts with the instant case, the respondent’s arguments are irrelevant. If Maruccia were a lower court case such comparisons might have some validity, but the State’s highest tribunal having set a standard in specific language the fact that the fact pattern in one case is not exactly the same as the Maruccia case is irrelevant. Indeed that is part of the rationale for the Court’s establishing the Maruccia standard since prior to that case lower courts were rendering inconsistent decisions. When attempting to measure the language in the Chmiel separation agreement to the Maruccia standard, the only sentence that could be construed as a possible repudiation of a prior testamentary disposition is the third sentence in paragraph 10. In the court’s view, the language employed in this sentence falls far short of an explicit renunciation or unequivocally manifests an intent that the wife is no longer a beneficiary of the decedent’s will. The language employed is awkward and subject to several different possible interpretations and therefore *860 in no manner can be considered to be explicit or unequivocal. If the test in Maruccia were the effect of provisions of the separation agreement on the prior will then the fact that in this case the principal testamentary property which was the marital residence was given in the will and taken away in the separation agreement might result in the revocation of the will, however, as the petitioner aptly observes, the fact that the decedent received the marital residence in the separation agreement has no bearing on who the decedent wanted to receive the property after his death. More importantly, the test in Maruccia is not the total effect of the terms of the separation agreement upon the prior testamentary instrument, it is the language of the separation agreement that must specifically address the prior will or its provisions in an explicit repudiation or an unequivocal expression of intent. Without that degree of specificity in the provisions of the agreement there can be no revocation of a prior testamentary instrument.
Motion for summary motion is granted without costs in favor of petitioner Debra S. Chmiel. The counter petition for probate by Ronald E. Chmiel is dismissed.